[No. 38457. Department Two. February 10, 1966.]

LARRY D. LANTIS et al., *Appellants*, v. PHILIP JOHN PFARR et al., *Respondents*.*

*Hamblen, Gilbert & Brooke*, by *Philip S. Brooke, Jr.*, for appellants.

*MacGillivray, Jones, Clarke & Schiffner*, by *John D. Mac-Gillivray*, for respondents.

PER CURIAM—The plaintiff, Florence Lantis, who will be referred to as though she were the only plaintiff, sustained injuries in an automobile accident. Liability of the defendants was conceded, and the only issue was the amount of the damages. From a judgment entered on a jury verdict which awarded $334.61 for car damage, $153.20 for medical expenses, $300 for time loss, and $1,500 as general damages (a total of $2,287.81) the plaintiff appeals. The prayer of the complaint had been $36,000 for present and future loss of wages and $150,000 as general damages.

From what, at the time, appeared to be relatively slight injuries, the plaintiff, who had worked as a waitress and taken care of her own home, contends that she has become afflicted with seizures or spells of unconsciousness rendering

*Reported in 410 P.2d 900.

her permanently incapable of engaging in any gainful occupation or any activities involving the use of her left arm.

The jury not only assessed the plaintiff's damages in the amounts indicated, but in answer to a special interrogatory found that there was no causal connection between the accident of August 16, 1962, and the spells or seizures of which the plaintiff complains.

The sole assignment of error is that the trial court erred and abused its discretion in denying the plaintiff's motion to increase the verdict of the jury or for a new trial on damages only.

The ruling on such a motion is a matter peculiarly within the discretion of the trial court. We will not reverse the refusal to grant a new trial on such grounds; except for a manifest abuse of discretion. *Mullin v. Builders Dev. & Fin. Serv. Inc.,* 62 Wn.2d 202, 205, 381 P.2d 970 (1963); *Lipshay v. Barr,* 54 Wn.2d 257, 339 P.2d 471 (1959).

There was substantial evidence to sustain the jury's finding that there was no causal relationship between the accident of August 16, 1962, and the spells or seizures of which the plaintiff complains. It is not our province to weigh the testimony, and we will not substitute our views on disputed facts for those of the jury or of the trial court where their findings are sustained by substantial evidence. *Employers Mut. Liab. Ins. Co. of Wisconsin v. Zurich Ins. Co., ante* p. 568, 572, 409 P.2d 165 (Dec. 9, 1965); *Thorndike v. Hesperian Orchards, Inc.,* 54 Wn.2d 570, 343 P.2d 183 (1959) (and literally scores of cases between the two). There was no abuse of discretion by the trial court in refusing to set aside a finding of the jury supported by substantial evidence.

The judgment is affirmed.