[No. 38723. Department One. February 23, 1967.]

THE STATE OF WASHINGTON, *Respondent*, v. DAVID A. KRATZER, *Appellant.*\*

*Reported in 424 P.2d 316.

*Fetty, Olwell & Hamack* and *Robert W. Fetty,* for appellant.

*Charles O. Carroll, James E. Kennedy,* and *John M. Watson,* for respondent.

HALE, J.—The State of Washington, through the Prosecuting Attorney for King County, brought this filiation complaint on behalf of P.A. against David A. Kratzer under RCW 26.24. Sitting without a jury, the court, on a finding of paternity, entered judgment December 6, 1965, requiring the defendant to pay medical and hospital expenses and support of $75 per month until the child reaches 16 years. Defendant appeals, assigning as one of his three claims of error the court's "refusal to grant the appellant a trial by jury." Because a reversal seems warranted on this ground, we will limit our discussion to the denial of a jury trial.

A complaint filed in Seattle District Justice Court June 22, 1965, alleging defendant to be the father of a child born to unmarried P.A., initiated the case. Defendant appeared with counsel July 6, 1965, and denied the allegation. The justice of the peace then conducted a preliminary hearing, granting a continuance for additional evidence. Later, with both interested parties and their counsel present, the justice court, on July 13th, entered an order binding the defendant over for trial in the superior court on his personal recognizance. Subsequently, the cause was formally transferred to superior court with the filing of a transcript of

proceedings September 24, 1965, under a certificate signed earlier, August 13, 1965, by the justice of the peace.

The appeal turns on whether appellant waived a jury in failing both to make a timely demand therefor and to deposit a jury fee as prescribed by RCW 4.44.100, which reads:

> In all civil actions triable by a jury in the superior court any party to the action may, *at or prior to the time the case is called to be set for trial,* serve upon the opposite party or his attorney, and file with the clerk of the court a statement of himself, or attorney, that he elects to have such case tried by jury. Unless such statement is filed and a jury fee paid as provided by law, the parties shall be deemed to have waived trial by jury, and consented to a trial by the court . . . .

A filiation proceeding maintained pursuant to RCW 26.24 is a civil action. *State v. Taylor,* 39 Wn.2d 751, 238 P.2d 1189 (1951); *State v. Tieman,* 32 Wash. 294, 73 Pac. 375 (1903). Accordingly, if the defendant did not serve upon counsel and file with the clerk a statement that he elected trial by jury and pay a jury fee—all prior to or *at the time the case was called to be set for trial*—he waived the jury and accepted trial by the court.

When, as the statute says, a case is called to be set for trial, this simply means that the department of the superior court charged with setting cases for trial has, in one way or another, identified the case, and, after hearing from the parties or counsel, fixed a date or period of time when or within which the case will come on to be tried before a department of the court. We do not have a uniform system for setting cases in the state. Methods of assigning cases for trial vary from district to district, depending largely upon population, volume of judicial business in relation to the number of judges available, distribution of population within the judicial district, docket congestion, and any other factors which the judges of the superior court deem significant.

For setting cases, each judicial district has special rules or procedures considered by the judge thereof most

suitable to local conditions. But whether the case setting procedure calls specifically for service of notice upon opposing parties and requires the presence of counsel at the call of the assignment calendar, or whether the local rules automatically treat the occurrence of particular steps in the assignment procedure as the equivalent of notice to all interested counsel—somewhere within the procedure for setting cases for trial—there must be an adversary notice of trial setting given; or, in the alternative, known events must occur in the assignment procedure from which such notice will be unavoidably implied. Otherwise, an important step in the due process of law—the right to be heard on the matter of a trial date—will have been eliminated. We do not hold that local rules of court prescribing the mode and method for setting cases for trial may not obviate a served notice, but at some point in the case setting procedure an event known to or knowledge of which is chargeable to the parties or counsel must take place from which notice of setting will necessarily be inferred.

■  Counsel, about October 11, 1965, did agree by telephone that November 30th next would be an acceptable date for trial, but neither mentioned whether by court or jury. This conversational agreement did not, however, rise to the formality of a notice that the case was in this fashion then being set for trial, nor did it constitute a procedural event requiring appellant to so treat it.

The state, invoking local procedures, contends that the defendant not only waived a jury under the statute (RCW 4.44.100) but also under Special Rules of the Superior Court for King County, Washington 36(h). Rule 36, in relevant part, provides:

(d) During the two calendar weeks prior to any case-setting day (except on the case-setting day itself), any parties whose case is scheduled to be called for setting on that day may apply to the department of the presiding judge for a trial date that they have agreed upon in writing. Upon the filing of the written agreement, the date, if available, will be assigned to them. No

more than approximately fifty per cent of the available dates shall be assigned in this manner.

. . . .

(h) The prosecuting attorney, the corporation counsel of the City of Seattle and the city attorneys of other municipalities in King County shall each furnish a list of the criminal and quasi-criminal causes, including appeals from justice and municipal courts noted under Rule 73, that he will be ready to try during the week beginning with the fourth Monday thereafter. *He shall give notice prior to filing such application to each other party or his counsel.* The presiding judge thereupon shall assign said causes for trial during such week, or on any dates thereafter, in his discretion. (Italics ours.)

Although, as we have earlier observed, filiation cases brought under RCW 26.24 are deemed civil cases, they are treated as quasi-criminal in nature under Rule 36(h), *supra,* merely to afford them priority over regular civil cases. Accordingly, the prosecuting attorney, in compliance with Rule 36(h), *supra,* included the instant case in his list of criminal and quasi-criminal cases to the presiding judge's department as ready for trial setting. Counsel for defendant received no notice that this case was on the list, nor was he advised to be present to communicate with the court as to a suitable trial date, nor was such knowledge to be inferred from counsel's telephonic agreement that November 30th would be an acceptable date.

Thus, when the presiding judge, from the prosecuting attorney's list of criminal and quasi-criminal cases, set the case to be tried on November 30, 1965, the defendant had no notice, express or implied, actual or constructive, that *the case had been called to be set for trial* as prescribed by RCW 4.44.100, and no procedural event can be said to have occurred from which it could be categorically inferred that appellant had such notice; nor had he received the actual notice prescribed by Rule 36(h), *supra.*

■ The right to trial by jury shall be inviolate. Const. art. 1, § 21. This right, along with most others, of course, may be waived, and may even be waived by inaction where the law calls for specific acts by which the right is asserted.

RCW 4.44.100. But the point at which the defendant is required to assert the right or be held to have waived it never occurred in this case. The time for the action prescribed by the statute, that is, serving and filing a request for a jury and deposit of a jury fee, never arrived, for at no time was the case called to be set for trial either constructively or by express notice to defendant required under RCW 4.44.100 and Rule 36(h), *supra*.[1]

Nor, as the state contends, did defendant fail to proceed with reasonable dispatch to obtain a jury. Learning that the case had been set nonjury, defendant, November 15, 1965, served and filed a motion to strike the case from the trial docket, or, in the alternative, that it be by jury. Subsequently, on November 19, 1965, counsel filed a written demand for jury. November 22, 1965, the presiding judge's department heard the motion and entered its written order denying both alternatives. When the cause came on for trial to the court November 30th, the defendant orally renewed his motion to strike the case from the trial calendar or to have it reset for trial by jury. On denial of these motions, the case then proceeded to trial.

The judgment is reversed and the case remanded for a trial by jury, provided the defendant fulfills the requirements of law in depositing a jury fee with the superior court clerk.

HILL, ROSELLINI, and HUNTER, JJ., and BARNETT, J. Pro Tem., concur.

---

[1] Rule 36(h) provides that the prosecuting attorney and city attorney, when furnishing the presiding judge with a list of criminal or quasi-criminal cases which are ready for trial "shall give notice prior to filing such application to each other party or his counsel."