[No. 38961. Department One. June 22, 1967.]

FRANK M. SPINELLI et al., *Respondents*, v. ECONOMY
STATIONS, INC., *Appellant*.*

*L. V. Duffy* and *Joseph E. Hurley*, for appellant.

*Carl Diana* and *Frank M. Spinelli*, for respondents.

BARNETT, J.†—This is a case of attorneys suing their

*Reported in 429 P.2d 240.

†Judge Barnett is serving as a judge pro tempore of the Supreme
Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

client for compensation for legal services. In their complaint plaintiffs Frank M. Spinelli and James A. Soderquist alleged that the defendant Economy Stations, Inc., had become indebted to them in the amount of $25,000 for professional services rendered from March 31, 1965, to September 28, 1965, in connection with a suit brought by Tidewater Oil Company against defendant. In an amended answer defendant denied that it owed any amount to the plaintiffs and affirmatively alleged it had paid plaintiff Soderquist regularly and fully during the said period and had paid plaintiff Spinelli, upon his request, $3,000 in cash as payment in full for his service up to the trial; therefore, since the Tidewater case was settled before trial it owed no more to either of the plaintiffs.

The case was tried to a jury which returned a verdict in the amount of $20,000 for the plaintiffs. This appeal was taken from a judgment entered upon the verdict.

A resume of the facts taken in the light most favorable to the plaintiffs follow. In 1961 the defendant corporation entered into a complex contractual arrangement with Tidewater Oil Company for the distribution of Tidewater's petroleum products through defendant's service stations. Part of the arrangement was a leasing of eight stations owned by the defendant to Tidewater at a rental of three and one-half cents per gallon for each gallon of Tidewater gasoline delivered to the eight stations. These eight stations were subleased back to the defendant as a part of the over-all transaction.

In March 1965, a summons and complaint were served upon the defendant alleging that the defendant had diverted Tidewater gasoline purportedly destined for one of the eight stations involved in the leasing arrangement to other stations. The defendant billed Tidewater at the agreed rental rate for the leased stations based upon the purported deliveries of gasoline. Tidewater prayed for damages of more than $100,000 as a result of the alleged wrongful diversion and false billing. An offer of settlement was made by Tidewater but rejected by defendant; thereafter, Tidewater filed the summons and complaint.

By answer to interrogatories the defendant admitted it had diverted 721,635 gallons of gasoline, and it also answered that officers and employees of Tidewater allegedly knew of this diversion. In its answer to the complaint defendant denied false consignment or false billing because of this knowledge on the part of Tidewater's employees and officers.

Tidewater had two auditors inspect the books and records of the defendant corporation as to the alleged diversion. After the inspection defendant's attorneys were advised that the prayer for damages would be increased to between $250,000 and $260,000.

Plaintiff Soderquist was counsel on retainer for the defendant, however, the retainer did not cover the defense of the Tidewater action. Soderquist sought the aid of his office associate, plaintiff Spinelli, for the case but at no added cost to the defendant.

Soderquist traveled to Los Angeles with the president of the defendant corporation to seek a settlement. A settlement was not then accomplished. Soderquist was paid $500 for travel expenses. Tidewater informed the defendant that it would take depositions of all the officers and employees the defendant had alleged knew of the diversions. Spinelli demanded $5,000 from the defendant before he would take part in the deposition proceedings. Spinelli was paid $3,000 in cash and he gave a signed receipt in return. The receipt reads essentially as follows:

No. 6927
August 11, 1965
Received from Economy Stations, Inc.
Address Spokane, Washington
Three thousand and no/100 dollars $3000.00
For Retainer for all attorneys' fees and expenses on pre-trial matters, Tidewater v. Economy Stations
Caruso & Spinelli
/s/ F. M. Spinelli.

On this occasion the plaintiffs also assured the officers and defendant corporation that in the absence of any settlement before trial they did not intend to demand any additional

retainer fee. In addition, the plaintiffs stated to defendant's officers that if the case was concluded without trial the balance of their fee would be based upon the nature of the settlement and primarily upon the results or benefits obtained for the defendant, but if the case proceeded to trial the balance of their fee would likewise depend on the outcome of the trial, *i.e.*, on the results or benefits obtained for the defendant, but if judgment was entered against the defendant in any substantial amount, the plaintiffs would abide by and be guided by the Bar fee schedule and would charge the regular daily trial fee.

Four depositions were taken on August 11, 1965. Tidewater later served notice that five more depositions would be taken, the first to be in Seattle on September 17, 1965. The case was set for trial for September 29, 1965. The deposition was taken in Seattle by Spinelli. After it had been completed the president and secretary of the defendant corporation told Spinelli to settle the case without delay for another business arrangement hinged upon early settlement of the dispute with Tidewater. Spinelli was given the terms defendant would like to receive and also told to "get your own attorneys' fees." Spinelli immediately replied that Tidewater would not pay defendant's attorneys' fees. Defendant's secretary then said, "Well, just do the best you can."

On September 22, 1965, plaintiff Soderquist represented the defendant in Portland during the taking of a deposition. On September 23, 1965, three depositions were taken in Los Angeles and Spinelli represented the defendant. After these depositions were taken Spinelli negotiated a settlement with Tidewater's attorney, Mr. Cook. Spinelli proposed the exact terms given him by defendant's officers with the exception that three trucks were to be appraised and Tidewater would purchase them at the appraised price, and, additionally, that Tidewater pay $25,000 in cash or reduce mortgages against the defendant by that much. Spinelli stated that this last request was made so that the defendant could pay the attorneys' fees. The settlement was agreed to by Tidewater, but it did not agree to the cash

payment, however, it did agree to reduce the mortgages by $25,000.

Before the settlement was signed by defendant, the plaintiffs were fired and defendant's officers concluded the settlement transaction with Tidewater.

In addition, we note the jury could find that no protest was made by defendant when $25,000 attorneys' fees were demanded by the plaintiffs and no claim was ever made that plaintiffs had been paid in full until defendant served its answer in the instant case. The jury could conclude the conduct on the part of the defendant, in connection with all the evidence in the case, including defendant's request that Spinelli attempt to get attorneys' fees from Tidewater, is inconsistent with its theory that the $3,000 paid on August 11, 1965, was payment in full.

The defendant makes seven assignments of error. His contention in regard to the first assignment of error is that the trial court erred in permitting plaintiffs' three expert witnesses to answer a hypothetical question. The witnesses were lawyers called to testify with reference to the value of the plaintiffs' services and the question propounded to each witness was a lengthy resume of the evidence based upon plaintiffs' theory of the case. The question covers 12 typewritten pages of the statement of facts. The only objection interposed by defendant's counsel reads as follows:

Mr. Hurley: I am going to object to his . . . answering that question, whether he has an opinion or not because this alleged hypothetical that has been propounded by counsel—I should have asked you to repeat it—contains numerous assumptions that were not proved in the record here, and it fails to include many of the pertinent facts; one in particular would be a reading of the receipt for example. That just should be incorporated in there, and there are so many others as I went through, I would have to re-read it and underscore the numerous assumptions that weren't proved, and, of course, going back over the record you can see very important factors that were introduced in their case that were not included. For that reason I do not believe that the hypothetical contains all the elements that are necessary to be

included in the question in this case at this stage of the proceedings.

A colloquy between all counsel and the court ensued, and at which time defendant's counsel withdrew his objection as to the receipt if it was shown to the witness with the statement that the defendant was contending the receipt was given in full accord and satisfaction for the attorneys' fees for the services rendered. This was done. It follows, then, that no error could be grounded upon this specific objection.

 At no time did counsel advise the court in what respect the question propounded ". . . contains numerous assumptions that were not proved in the record . . . ." or what ". . . important factors . . . were introduced in . . . [plaintiffs'] case that were not included. . . . ." Since the defendant did not advise the court of the facts improperly included or omitted, it cannot raise those questions in this court on appeal. In *Knutson v. Moe Bros., Inc.*, 72 Wash. 290, 130 Pac. 347 (1913), an objection was stated to a hypothetical question of some length and stating several hypotheses on the grounds that it contained a "mass of irrelevant matter" and that the " 'hypothesis stated' is not supported by the evidence. . . ." This court held that such objection is too general since appellant should have pointed out the matter to be eliminated and wherein the "hypothesis stated" was not borne out by the evidence. In the opinion we said:

> There is, however, a duty on objecting counsel. He must state his grounds of objection specifically, in order that the court may rule intelligently, keeping in view the all-essential fact that the promotion of justice is the object of all litigation. *Knutson v. Moe Bros., Inc., supr*a, at 294-95.

Moreover, our careful examination of the record convinces us that all facts assumed in the hypothetical question were within the scope and range of the testimony.

 The defendant had the opportunity on cross-examination to interrogate each witness whether his opin-

ion would be changed or not if other facts were taken into account. The defendant did not choose so to do. It is not error for a party to propose hypothetical questions to an expert witness solely upon his theory of the case where the opposing counsel has an opportunity on cross-examination to ask the witness whether his opinion would change or not if other facts were taken into account. See *Wharton v. Department of Labor & Indus.*, 61 Wn.2d 286, 378 P.2d 290 (1963).

Assignment of error No. 2 is based upon the theory that the trial court commented upon the evidence when it suggested in the presence of the jury that additional assumed facts be included in the hypothetical question. We find no error. The suggested assumptions were within the scope of the evidence. The jury could not infer from the court's suggestions that he believed or disbelieved the testimony; hence, there was no comment within the prohibition of Const. art. 4, § 16. See *State v. Browder*, 61 Wn.2d 300, 378 P.2d 295 (1963).

The fourth assignment of error, that the trial court erred in giving instruction No. 7, will not be considered since there was no exception taken at the trial. *State v. Holbrook*, 66 Wn.2d 278, 401 P.2d 971 (1965).

Assignments of error Nos. 5 and 6 are based upon the refusal of the trial court to give defendant's proposed instructions Nos. 16, 17 and 18. No reasons were given for the exceptions to these instructions. Since the defendant did not say why it excepted to the refusal to give these proposed instructions we will not consider the assignments of error. Rule of Pleading, Practice and Procedure 51.16W; *Harrison v. A Bar A Ranch, Inc.*, 63 Wn.2d 592, 388 P.2d 531 (1964).

Assignments of error Nos. 3 and 7 relate to defendant's contentions that the trial court erred in overruling its motions for judgment non obstante veredicto or in the alternative for a new trial.

There was substantial evidence to sustain the verdict. Under the appropriate instructions, which were not

510

excepted to by the defendant, the trial court submitted to the jury the respective issues raised by the pleadings. It is not our province to weigh the testimony and we will not substitute our views on disputed facts for those of the jury or the trial court where their findings are sustained by substantial evidence. *Lantis v. Pfarr,* 67 Wn.2d 994, 410 P.2d 900 (1966).

We have heretofore discussed the other alleged errors upon which the defendant predicates his right to a new trial and have found them to be without merit; hence, a new trial is not warranted.

The judgment is affirmed.

FINLEY, C. J., HILL, ROSELLINI, and HALE, JJ., concur.