[No. 39252.    Department One.    January 25, 1968.]

THE STATE OF WASHINGTON, *Respondent*, v. STEVEN
MOTTET, *Appellant*.*

*James Gooding* and *Beckman, Kuvara & Gooding,* for
appellant.

*Charles O. Carroll* and *Stephen R. Schaefer,* for respond-
ent.

ROSELLINI, J.—This is a filiation proceeding tried to the
court. The evidence was in conflict on the question whether
the mother had intercourse with the defendant during the
critical conception period.

■    The defendant contends that the trial court should
have rejected the testimony of the mother and should have
believed the testimony of the defense witnesses, presuma-
bly because they were greater in number. Instead the court
chose to believe the mother. In spite of the fact that the
defense presented the greater number of witnesses, this

*Reported in 437 P.2d 187.

was within its province. *Galbraith v. Devlin,* 85 Wash. 482, 148 Pac. 589 (1915); *Hughes & Co. v. Flint,* 61 Wash. 460, 112 Pac. 633 (1911).

■ The Supreme Court will not substitute its views on disputed facts for those of the trier of the facts where its findings are sustained by substantial evidence. *Lantis v. Pfarr,* 67 Wn.2d 994, 410 P.2d 900 (1966).

■ The remaining contention of the defendant is that he was entitled to a jury trial as a matter of course, without having to request it. This contention is based on the proposition that the filiation proceeding is criminal in nature. He cites no authority so holding, and we are not persuaded by his argument to reverse this court's holding (in *State v. Kratzer,* 70 Wn.2d 566, 424 P.2d 316 (1967) and cases cited therein) that a filiation proceeding is civil in nature. He merely lists certain aspects of the filiation proceeding which also are present in criminal proceedings. In the case of *State v. Tieman,* 32 Wash. 294, 297, 73 Pac. 375 (1903), this court said:

> Plainly, the proceeding has but one purpose, namely, to charge the property and earnings of a father with the maintenance of his illegitimate child—a proceeding which, from its very nature, must be civil, as it operates against property, and not against the person.

While the statute under which that case was brought did not provide for the arrest of the defendant and his imprisonment prior to the trial if he does not give bond (as does RCW 26.24.020), this court observed that other courts have uniformly held that the proceeding is civil, even where there is provision for arrest and imprisonment to enforce the judgment. (Citing *In re Walker,* 61 Neb. 803, 86 N.W. 510 (1901)).

If a person arrested pursuant to RCW 26.24.020 feels that that procedure is inappropriate in a civil proceeding and denies him some constitutional right, he should attack the procedure by habeas corpus or some other appropriate means; but the fact that the statute provides for the arrest of the defendant and his possible imprisonment pending trial, does not change it from a civil proceeding to a crimi-

nal proceeding, *e.g.,* does not make the defendant guilty of a crime if the proceeding results in a judgment against him. As this court said in *State v. Tieman, supra,* if the purpose of the statute is to compel the putative father to support the child, rather than to punish him, the proceeding is civil rather than criminal.

In *State v. Kratzer, supra,* we recognized that, in a filiation proceeding, a jury trial can be waived, if, after receiving notice of the trial date, the defendant does not proceed with reasonable dispatch to demand a jury trial. The defendant received notice of the trial date 3 months prior to the date set for the trial and had ample opportunity to demand a jury trial. Instead of exercising his right to demand such a trial within a reasonable time after receiving notice of the trial date, he waited until the date of the trial. Under such circumstances it must be held that he waived his right to have a trial by jury.

The judgment is affirmed.

FINLEY, C. J., HILL and HALE, JJ., and OTT, J. Pro Tem., concur.