Stephens, J.
¶10 (concurring) — The majority frames the question in this case as whether N.P. waived his right to a public trial under article I, section 10 of the Washington State Constitution. But, this is not the first time we have considered the validity of a waiver of public trial rights. We should acknowledge what we have said. Recently, in State v. Frawley, a majority of this court held that in a criminal trial, the defendant must personally make a knowing, intelligent, and voluntary waiver of the public trial right. 181 Wn.2d 452, 461-63, 334 P.3d 1022 (2014) (Johnson, J., lead opinion); id. at 467-69 (Stephens, J., concurring), 471-76 (Gordon McCloud, J., concurring). While the waiver need not be made on the record, the record must indicate the defendant’s affirmative assent. Id. at 461-62 (Johnson, J., lead opinion), 469 (Stephens, J., concurring), 475-76 (Gor *502 don McCloud, J., concurring); see also State v. Herron, 183 Wn.2d 737, 743-44, 356 P.3d 709 (2015) (describing holding in Frawley and also noting requirement to afford a meaningful opportunity to object to closure).
¶11 Frawley and Herron confirm that the waiver standard with respect to public trial rights in the criminal context aligns closely with the cases the majority cites to describe decisions that are “ “of such moment that they cannot be made for the defendant by a surrogate.’ ” Majority at 500 (quoting Florida v. Nixon, 543 U.S. 175, 187, 125 S. Ct. 551, 160 L. Ed. 2d 565 (2004)). Conversely, it is not akin to those decisions that may be waived by counsel as a matter of trial tactics or strategy. See id. at 500-01 (citing State v. Valladares, 99 Wn.2d 663, 664 P.2d 508 (1983) (withdrawal of pretrial suppression motion)); Wilson v. Gray, 345 F.2d 282 (9th Cir. 1965) (waiver of cross-examination and confrontation). There can be no doubt that had this been a criminal trial, N.P.’s counsel’s statement that he had “[n]o objection” to closing the termination hearing would not be enough. Verbatim Report of Proceedings at 6.
¶12 So, why is this statement—made at a proceeding N.P. did not attend—sufficient to constitute a valid waiver in the civil context? The majority does not say. It instead analogizes the public trial right itself, albeit in the civil context, to rights we have said are different from the public trial right in the criminal context. See majority at 500. This is confusing at best. At worst, it suggests we regard open public trials in the civil context as nothing more than a matter of trial strategy. While I agree that N.P. validly waived his right to object to the closure, I would recognize that it is not the public trial right that is different, or of lesser moment, in the civil context. Rather, the standard for determining the validity of a waiver differs between civil and criminal cases.
¶13 In civil cases, this court has recognized that most constitutional trial rights may be subject to procedural *503 requirements for exercising them. Thus, a civil litigant may waive very substantial rights, such as the right to a jury trial or the right to complain of a biased juror, based on the terms of a valid statute or court rule. See, e.g., State v. Kratzer, 70 Wn.2d 566, 570, 424 P.2d 316 (1967) (recognizing inviolate right to trial by jury under article I, section 21 of the Washington State Constitution “may even be waived by inaction where the law calls for specific acts by which the right is asserted”); Sackett v. Santilli, 146 Wn.2d 498, 47 P.3d 948 (2002) (upholding validity of CR 38(d), providing for waiver of jury trial right by failure to make timely demand, as consistent with article I, section 21); Basil v. Pope, 165 Wash. 212, 218-19, 5 P.2d 329 (1931) (recognizing “well established” rule that failure to timely challenge biased juror waives right to objection after verdict).
¶14 Of significance here, the termination and adoption proceedings were joined and all parties to the proceeding were on notice of RCW 26.33.060, which provides in relevant part:
All hearings under this chapter [adoption proceedings] shall be heard by the court without a jury. Unless the parties and the court agree otherwise, proceedings of contested hearings shall be recorded. The general public shall be excluded and only those persons shall be admitted whose presence is requested by any person entitled to notice under this chapter or whom the judge finds to have a direct interest in the case or in the work of the court.
Though this statute was not directly applicable to the termination portion of the proceedings, given the procedural posture of this case, the parties were on notice that they needed to bring any concerns about closure to the attention of the trial judge before any hearings began. The statutory basis of this notice is important when we consider counsels’ representations to the court that their clients had no objection to the closure. This was not an issue that came up “on the fly” but was an integral part of the proceedings that we can expect counsel and their clients would discuss.
*504 f 15 Without appreciating this specific context, readers of the majority opinion might get the wrong impression. The right to an open, public trial is not of lesser moment in the civil context. Indeed, we have recognized article I, section 10 “is not an abstract theory of constitutional law, but rather is the bedrock foundation upon which rest all the people’s rights and obligations.” John Doe v. Puget Sound Blood Ctr., 117 Wn.2d 772, 780, 819 P.2d 370 (1991). A civil litigant, no less than a criminal defendant, has an “ ‘individual right to have the proceedings open to the observation and scrutiny of the general public.’ ” In re Det. of Morgan, 180 Wn.2d 312, 325, 330 P.3d 774 (2014) (quoting In re Det. of D.F.F., 172 Wn.2d 37, 40, 256 P.3d 357 (2011) (plurality opinion)). This right is not simply a matter of trial strategy, left to counsel’s discretion. To the contrary, where open, public trials are concerned, the analysis we employ recognizes courts have an independent obligation to safeguard our system of justice and are not bound by the litigants’ preferences. See Seattle Times Co. v. Ishikawa, 97 Wn.2d 30, 37-39, 640 P.2d 716 (1982).
¶16 We have never before said whether statutes and court rules addressing the particular circumstances of special proceedings may establish the moment at which a civil litigant is required to speak up or be precluded from later claiming a public trial right violation. I believe they, just as other substantial rights, including the right to a civil jury trial, may be waived by inaction in the face of such statutes or rules. In this context, N.P.’s counsel’s representation that N.P. had no objection to closure effected a valid waiver of his article I, section 10 rights. On this basis, I concur in the judgment of the court.