**Horace JOHNSON, Plaintiff,**

v.

**ALCAN ALUMINUM CORPORATION (ALCAN CABLE DIVISION), Defendant.**

**Civ. A. No. C79–650A.**

United States District Court,
N.D. Georgia,
Atlanta Division.

Dec. 4, 1979.*

Ford & Ford, Atlanta, Ga., for plaintiff.

Jackson, Lewis, Schnitzler & Krupman, Atlanta, Ga., for defendant.

* Submitted for publication 1985.

## ORDER

VINING, District Judge.

Presently before the court in this civil rights action is the plaintiff's motion to quash deposition, to suppress it, or to require that it be presented to the plaintiff at the offices of his counsel.

On September 19, 1979, counsel for the defendant deposed the plaintiff, Horace Johnson, in the office of his counsel. The plaintiff reserved the right to review and sign the deposition. The defendant ordered a copy of the transcript, but the plaintiff did not. A controversy has arisen between the plaintiff and the court reporter who transcribed his testimony with respect to the procedure which they are to follow in submitting the transcript to the plaintiff for his review and signature. *See* Rule 30(e), Fed.R.Civ.P. The court reporter has requested the plaintiff to come by her office, with or without counsel, to read and sign the transcript. The plaintiff, however, has refused and maintains that he will not consider the transcript to be "submitted" under Rule 30(e), unless and until such time as it is received in the offices of his counsel. The court reporter apparently refuses to submit the transcript to the plaintiff anywhere other than in her own office.

Rule 30(e) provides in pertinent part: "When the testimony is fully transcribed the deposition shall be submitted to the witness for examination [and signature]." Rule 30(e) nowhere specifies the manner in which (or where) the transcript must be "submitted" to the plaintiff. Additionally, the case law (including that cited by the plaintiff) does not require, contrary to the plaintiff's contention, that the transcript be presented to the plaintiff at his counsel's office in order to be "submitted" in compliance with Rule 30(e).

Hence, the court finds that the court reporter has adequately "submitted" the transcript to the plaintiff under Rule 30(e) and, consequently, DENIES the plaintiff's motion.