[No. 8098-6-III.   Division Three.   November 24, 1987.]

ERVIN G. EASTERDAY, *Plaintiff*, v. SOUTH COLUMBIA BASIN IRRIGATION DISTRICT, *Respondent*, CASEY COURT REPORTERS, ET AL, *Appellants.*

*Harry E. Ries* and *Ries & Kenison,* for appellants.

*Richard A. Lemargie* and *Lemargie & Whitaker,* for respondent.

MUNSON, J.—Casey Court Reporters and Lori L. Rapozo appeal the court's order directing Ms. Rapozo of Casey Court Reporters to submit a transcribed copy of Russell Smith's deposition and original signature page to him for examination and signing at his place of employment. We reverse.

On May 12, 1986, during litigation between Ervin Easterday and the South Columbia Basin Irrigation District filed in Grant County, Casey Court Reporters, through its employee, Ms. Rapozo, reported the deposition of Russell Smith, an employee of the District. This deposition took place in Pasco, Franklin County, and was reported by Ms. Rapozo, a resident of Franklin County. After the deposition was transcribed, she wrote Mr. Smith asking him to contact their Kennewick office to set up an appointment to review and sign his deposition.

On July 3, Mr. Smith responded by letter indicating he would prefer the draft of the deposition be sent to his office

in Pasco so that he could examine it there. Thereafter, a letter from the attorney for the District requested Casey Court Reporters submit the deposition to Mr. Smith. Casey Court Reporters had written Mr. Smith informing him that if he desired a copy of the deposition, he could pay $64 and a copy would be furnished.

On July 14, Casey Court Reporters responded to the attorney's letter, reaffirming their earlier position that a deposition would not be released to Mr. Smith until they received $64 for each copy. Thereafter, the District filed a motion in Grant County Superior Court requiring submission of a transcribed copy to the witness for examination. Mr. Smith submitted an affidavit stating he did not wish to waive his right to sign the deposition.

Ms. Rapozo and Casey Court Reporters made a special appearance at the hearing objecting to the personal jurisdiction of the court. The court found that (a) it possessed jurisdiction over Ms. Rapozo, (b) the deposition had not been submitted to Mr. Smith as required by CR 30(e), and (c) Mr. Smith had not waived his right to review and sign the deposition. Therefore, the court issued the following order:

1. Lori L. Rapozo of Casey Court Reporters shall deliver to Russell D. Smith at his office the transcribed deposition for examination.

2. Defendant's motion for payment of reasonable attorney's fees and costs is denied.

3. Defendant shall not otherwise obtain any copies of the transcript without first paying Casey Court Reporters Sixty Four ($64.00) Dollars for each copy ordered.

The initial issue is whether the Superior Court for Grant County acquires jurisdiction over a reporter who reports and transcribes a deposition in an action pending therein even though the deposition was reported in an adjoining county by a reporter, resident of that county.

There are in general three jurisdictional elements in every valid judgment, namely, jurisdiction of the subject matter, jurisdiction of the person, and the power or

authority to render the particular judgment. 1 A. Freeman, *Judgments* § 226 (5th ed. rev. 1925).

*In re Marriage of Little,* 96 Wn.2d 183, 197, 634 P.2d 498 (1981).

Ms. Rapozo and Casey Court Reporters contend that the Superior Court for Grant County lacked in personam jurisdiction since they were not officers of that court and were residents of Franklin County. They rely upon RCW 2.32-.180 which states in pertinent part:

> The stenographic reporter upon appointment shall thereupon become an officer of the court and shall be designated and known as the official reporter for the court or judicial district for which he is appointed . . .

Ms. Rapozo is not an official court reporter of any superior court. She is a free–lance reporter. However, she did perform a ministerial function designed to aid the administration of justice when she reported Mr. Smith's deposition.

■ The Legislature gave superior courts the power to control the conduct of *all persons* associated with a judicial proceeding. RCW 2.28.010 provides in part:

> Powers of courts in conduct of judicial proceedings. Every court of justice has power . . . (5) *To control, in furtherance of justice, the conduct of its ministerial officers, and of all other persons in any manner connected with a judicial proceeding before it, in every matter appertaining thereto.*

(Italics ours.)

Jurisdiction does rest with the Superior Court for Grant County since Ms. Rapozo and Casey Court Reporters significantly connected themselves with the litigation pending in that county. They knew of the pending action in Grant County when they agreed to report Mr. Smith's deposition, and they assumed a duty owed that court. Thus, the court had jurisdiction over Ms. Rapozo.

Furthermore, while Ms. Rapozo and Casey Court Reporters admit the Franklin County Superior Court has jurisdiction over them, they also claim venue properly rests there. *See* RCW 4.12.020 and CR 37(a)(1).

Venue is a matter of procedure rather than substance and it is a proper subject for court rules which supersede conflicting statutes. *Sherwin v. Arveson,* 96 Wn.2d 77, 633 P.2d 1335 (1981). CR 26(c), CR 30(d), and CR 37(a)(1)[1] remedies against the officer conducting the deposition or the deponent may be brought in either the county where the action is proceeding or in the county where the deposition had taken place. Thus, jurisdiction and venue would be proper in Franklin County. However, the court where the action is pending also has jurisdiction in these matters as noted in rules previously cited.

Pursuant to CR 32(d)(4),[2] if the District failed to move for relief from the court, it would have waived any objections regarding any errors or inconsistencies in the deposi-

---

[1]CR 26(c) provides in part:

"**Protective Orders.** Upon motion by a party or by the person from whom discovery is sought, and for good cause shown, the court in which the action is pending or alternatively, on matters relating to a deposition, the court in the county where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: . . ."

CR 30(d) provides in part:

"**Motion To Terminate or Limit Examination.** At any time during the taking of the deposition, on motion of a party or of the deponent and upon a showing that the examination is being conducted in bad faith or in such manner as unreasonably to annoy, embarrass, or oppress the deponent or party, the court in which the action is pending or the court in the county where the deposition is being taken may order the officer conducting the examination to cease forthwith from taking the deposition, or may limit the scope and manner of the taking of the deposition as provided in rule 26(c)."

CR 37(a) provides in part:

"**Motion for Order Compelling Discovery.** A party, upon reasonable notice to other parties and all persons affected thereby, may apply to the court in the county where the deposition was taken, or in the county where the action is pending, for an order compelling discovery as follows: . . ."

[2]CR 32(d)(4) provides:

"*As to Completion and Return of Deposition.* Errors and irregularities in the manner in which the testimony is transcribed or the deposition is prepared, signed, certified, sealed, endorsed, transmitted, filed, or otherwise dealt with by the officer under rules 30 and 31 are waived unless a motion to suppress the deposition or some part thereof is made with reasonable promptness after such defect is, or with due diligence, might have been ascertained."

tion. This rule does not contemplate the necessity of filing a new action before a court in another county to obtain the relief sought in reference to errors or irregularities in the procedure for a deposition to be used in the action pending before a trial court.

In short, by virtue of the fact that Ms. Rapozo and Casey Court Reporters voluntarily assumed the duty of reporting a deposition in an action pending in the Superior Court for Grant County, they also became subject to the jurisdiction and the venue of that court.

The next issue concerns the proper procedure for delivery by a court reporter of a transcribed deposition to a witness for examination pursuant to CR 30. CR 30(e) states in pertinent part:

> **Submission to Witness; Changes; Signing.** When the testimony is fully transcribed the deposition shall be submitted to the witness for examination and shall be read to or by him, unless such examination and reading are waived by the witness and by the parties. Any changes in form or substance which the witness desires to make shall be entered upon the deposition by the officer with a statement of the reasons given by the witness for making them. The deposition shall then be signed by the witness, unless the parties by stipulation waive the signing or the witness is ill or cannot be found or refuses to sign. If the deposition is not signed by the witness within 15 days of its submission to him, the officer shall sign it and state on the record the fact of the waiver or of the illness or absence of the witness or of the fact of the refusal to sign together with the reason, if any, given therefor; . . .

The Superior Court read CR 30(e) to require the reporter to submit the deposition to the deponent by means of delivering the *transcribed deposition* to the deponent at his office. While very few courts have addressed the meaning of the word "submit" as used in the rule, those that have also reached the opposite result. *See Turoff v. May Co.,* 7 Ohio Op. 3d 314, 315 (N.D. Ohio 1974) (set forth as an appendix); *see also Johnson v. Alcan Aluminum Corp.,* 106 F.R.D. 314 (N.D. Ga. 1979). In *Turoff,* at 315, the court

addressed the issue of whether rule 30(e) requires a deponent to be furnished with a copy of his deposition for review outside of the reporter's office and stated:

> In the court's opinion, balancing the public and personal considerations which bear on this issue (both in its abstract form and as presented in this case), the scales weigh in favor of having depositions reviewed in the reporter's office. The inconvenience imposed upon deponents in going to the reporter's office, generally speaking, is insufficient to overcome the facts in favor of the reporter retaining the transcript. The fact that in this case some of the deponents are practicing attorneys does not alter that situation. Every individual's time is valuable to that person. As to the need for privacy, the court recognizes such a right and would enforce it if a reporter failed to provide suitable space for confidential discussions. That question is not presented in this factual context.

We are persuaded that the sound reasoning of the court in *Turoff* is applicable here. The reporter has an affirmative duty to preserve the integrity of the transcript and to protect it from improper alteration, mutilation, or accident. CR 30(f)(1).[3] Another consideration if this rule were interpreted the other way would be how would a witness make changes? He is obligated to appear before the reporter to make changes on the record and state his reasons for those changes. CR 30(e).

The District contends it does not require the original transcribed deposition, it merely requires a copy of the transcribed deposition along with the original signature page. However, if the reporter were required to provide the deponent with a copy of his deposition, it would be a simple matter to make copies thereof and effectively evade the

---

[3] CR 30(f)(1) provides in part:

"(1) The officer shall certify on the deposition that the witness was duly sworn by him and that the deposition is a true record of the testimony given by the witness. He shall then securely seal the deposition in an envelope endorsed with the title of the action and marked 'Deposition of [here insert name of witness]' and shall promptly file it with the court in which the action is pending or send it by registered mail to the clerk thereof for filing."

requirements of CR 30(f)(2) which states: "Upon payment of reasonable charges therefor, the officer shall furnish a copy of the deposition to any party or the deponent."

We do not hold that in every case a reporter would be justified in not releasing a deposition for review or signature. There may be special circumstances which demand a different conclusion. *See Turoff v. May Co., supra.*

It is unfortunate this issue has reached this level of our court system. Arrangements for reading and signing a deposition, when not otherwise waived, have traditionally been congenially accommodated between counsel, the deponent, and the reporter. Such arrangements account for the lack of reported cases in this area. We trust the various professions to accommodate each other on these picayune points and raise more meritorious issues.

Nonetheless, the issue has been raised; therefore, we hold that the reporter may "submit" the deposition by requiring the deponent to come to the reporter's office to read, make changes, and sign the original transcript, barring exigent circumstances. During oral argument, we were advised Mr. Smith incurred a confining illness while this appeal was pending. This is an exigent circumstance.

The court's order is reversed; the case is remanded for reconsideration in light of this opinion and current circumstances.

## APPENDIX

GREEN, J.—A motion has been filed by plaintiffs under Rule 12(f), Federal Rules of Civil Procedure, to strike their depositions from the files of this action. The basis of the motion is that "the depositions were never submitted to the witnesses as required by Federal Rules of Civil Procedure, Rule 30(e)."

The controversy which this motion represents is essentially between plaintiffs and the court reporting firm which took their depositions.

When the depositions were transcribed the reporting firm notified each of the plaintiffs that:

"* * * your deposition was taken before me in the above-entailed matter. The deposition is now ready here at my office where you may read and sign the same."

Pursuant to the Federal Rules of Civil Procedure, if the deposition is not signed within 30 days, it may be filed without signature.

Plaintiffs declined to review the depositions at the reporter's office, and requested that they be permitted to review them at "their attorney's office where the deposition could be reviewed at their convenience and with the privacy afforded of their attorney's office." The reporting firm would not agree to release the depositions to plaintiffs. Both sides stood firm on their positions, and after 30 days had passed the depositions were filed with the court without signature.

There is at the outset, a procedural flaw in plaintiffs' motion. Rule 12(f), under which the motion is brought, applies to pleadings, not depositions. Rule 30(e) has a specific provision applicable to depositions filed without signature, wherein it is stated that:

"* * * the [undersigned] deposition may then be used as fully as though signed unless on a motion to suppress under Rule 32(d)(4) the court holds that the reasons given for the refusal to sign require rejection of the deposition in whole or in part."

However, in order not to prolong this matter, the court has decided to consider the dispute on its merits.

Plaintiffs base their claim that they were entitled to examine their depositions at a place other than the reporter's office upon the first sentence of Rule 30(e). That proviso is:

When the testimony is fully transcribed the deposition shall be submitted to the witness for examination and shall be read to or by him, unless such examination and reading are waived by the witness and by the parties.

The court does not agree with plaintiffs' contention that a proper construction of the phrase "shall be submitted" requires the reporter to permit the deposition to be taken from his custody. In addition to the claim of right advanced by plaintiffs, it is further argued that as a matter of convenience and to secure privacy for consultation with counsel the deposition should have been released by the reporter.

In support of the position that the reporter was correct in his refusal to surrender the deposition, a number of considerations are advanced regarding the reporter's responsibility as to safeguarding of the security and integrity of a deposition and any exhibits annexed thereto, as well as the reporter's obligation to see that it is properly filed.

In the court's opinion, balancing the public and personal considerations which bear on this issue (both in its abstract form and as presented in this case), the scales weigh in favor of having depositions reviewed in the reporter's office. The inconvenience imposed upon deponents in going to the reporter's office, generally speaking, is insufficient to overcome the facts in favor of the reporter retaining the transcript. The fact that in this case some of the deponents are practicing attorneys does not alter that situation. Every individual's time is valuable to that person. As

to the need for privacy, the court recognizes such a right and would enforce it if a reporter failed to provide suitable space for confidential discussions. That question is not presented in this factual context.

In ruling herein, the court should not be understood as holding that in every case a reporter would be justified in refusing to release a deposition transcript for review and signature. As previously stated, the court does believe that, in general, such review should be made at the reporter's office. However, in any given case there might be exigent circumstances calling for a different conclusion. This case does not present any extraordinary fact situation.

Plaintiffs' motion is denied.

It is so ordered.

THOMPSON, A.C.J., and GREEN, J., concur.