Honorable Gregory Banks Island County Prosecuting Attorney P.O. Box 5000 Coupeville, WA 98239
Dear Prosecutor Banks:
By letter previously acknowledged, you have requested our opinion on the following paraphrased questions:
 Do the judges of the superior court of a county have the authority to adopt a local court rule that requires the clerk of the superior court to have all original pleadings and documents that are filed with the clerk's office pertaining to an active case physically filed within three court days of physical receipt in the clerk's office?
 If the superior court has such authority, what sanctions can the superior court impose upon the clerk for failure to comply with such a rule?
 BRIEF ANSWERS
In response to your first question, we conclude that the superior court has the authority to adopt a local rule requiring the county clerk to physically file all original pleadings and other documents in the court file within three court days. In response to your second question, we conclude that the court could enforce the rule by ordering the filing of pleadings or other documents that have not been filed within three days of receipt. Subsequent failure to comply with such an order may, under appropriate facts, give rise to a contempt sanction.
 ANALYSIS
Your first question, repeated for ease of reference, inquired:
 1. Do the judges of the superior court of a county have the authority to adopt a local court rule that requires the clerk of the superior court to have all original pleadings and documents that are filed with the clerk's office pertaining to an active case physically filed within three court days of physical receipt in the clerk's office?
Your first question relates to the scope of the superior court's rulemaking authority with regard to the actions of the clerk. You ask whether the superior court has the authority to adopt a local court rule that requires the clerk to physically file all pleadings and other documents in the case file within three court days of receipt. For the reasons set forth below, we conclude that the court has such authority.
By statute, the duties of the court clerk include:
 To file all papers delivered to him for that purpose in any action or proceeding in the court as directed by court rule or statute.
RCW 2.32.050(4). This statute indicates that the court has the authority, by rule, to direct the manner in which pleadings and other documents are filed with the clerk. That statute therefore dictates an affirmative response to your question.
Even if an argument could be developed in favor of a restrictive interpretation of RCW 2.32.050, the general principles governing the adoption of court rules would lead to the same conclusion. The state constitution provides the judges of the superior courts with authority to adopt "uniform rules for the government of the superior courts." Const. art. IV, § 24. The superior courts also have the authority to adopt rules of procedure that are supplementary and do not conflict with statewide rules adopted by the Supreme Court. RCW 2.04.210; RCW 2.08.230. The Washington Supreme Court has also adopted a rule that authorizes each superior court to "make and amend local rules governing its practice not inconsistent with these rules." CR 83(a).
Washington courts have long recognized that the "duties of a county clerk as clerk of the superior court are defined both by statute and court rules." Swanson v. Olympic Peninsula Motor CoachCo., 190 Wn. 35, 38, 66 P.2d 842 (1937). Our Supreme Court has described the judicial rulemaking power as "inherent" but "limited". State v. Smith, 84 Wn.2d 498, 501, 527 P.2d 674 (1974). Court rules have the force of law to the extent that they regulate matters of procedure and practice, although they may not extend to the area of substantive law. Id. Therefore, to the extent that the court rule relates to practice and procedure rather than to the creation of substantive law, the rule is within the authority of the court.
The court has explained the distinction between rules of procedure and substantive law:
 Although a clear line of demarcation cannot always be delineated between what is substantive and what is procedural, the following general guidelines provide a useful framework for analysis. Substantive law prescribes norms for societal conduct and punishments for violations thereof. It thus creates, defines, and regulates primary rights. In contrast, practice and procedure pertain to the essentially mechanical operations of the courts by which substantive law, rights, and remedies are effectuated.
Id. Based upon that distinction, the court found rules governing the setting of bail in criminal proceedings to be procedural and therefore appropriately governed by court rule. Id. In another case, the court concluded that a court rule requiring cities to purchase recording equipment for municipal courts was also procedural in nature. City of Seattle v. State, 100 Wn.2d 16, 22,666 P.2d 359 (1983).
A rule governing the filing of pleadings and other documents in court files is at least as closely related to the mechanical operations of the court as the rules upheld in State v. Smith andSeattle v. State. The clerk's office is the repository for all pleadings and documents filed with the court. Rules relating to the time and manner in which documents are filed with the clerk, and what happens to them after filing, are therefore important to governing practice within the court. Accordingly, such a rule falls within the court's rulemaking authority.
In reaching this conclusion, we considered the potential argument that the county clerk, as an independently elected official, has some degree of autonomy from the judges of the court. We need not reach that potential issue in order to answer the question you posed, however. We see no reason why the court's rulemaking authority would be limited by the status of the clerk as an elected officer, although it is certainly possible that this fact might be relevant for other reasons or in other contexts.
Your second question, repeated for ease of reference, inquired:
 2. If the superior court has such authority, what sanctions can the superior court impose upon the clerk for failure to comply with such a rule?
Your second question concerns the remedy available to the superior court if the clerk should fail to comply with a rule that requires pleadings and other documents to be physically filed within a specified length of time.
We note as a preliminary matter that consideration of enforcement mechanisms may rarely be necessary. We presume that clerks will make every effort to comply with duties provided by statute and court rule.
As noted in response to your first question, the clerk's statutory duties include the filing of documents in court files as directed by court rule. RCW 2.32.050(4). As a general matter, the remedy for failure to perform a duty within the time limit prescribed is an order that the duty be performed. State v.Martin, 137 Wn.2d 149, 155, 969 P.2d 450 (1999). In that case, a superior court failed to conduct a disposition hearing in a juvenile proceeding within the time period prescribed by law. The court concluded that although the statute involved stated a mandatory duty to hold the hearing within the time limit, the sole remedy available was to compel the court to conduct the hearing.Id.
If the court enters such an order, failure to comply may give rise to the court's authority to impose contempt sanctions if the facts of a particular case warrant. The court's contempt power includes actions to "compel obedience to its judgments, decrees, orders and process" and to "control, in furtherance of justice, the conduct of its ministerial officers". RCW 2.28.010(4), (5). The Court of Appeals has explained courts have "the power to control the conduct of all persons associated with a judicial proceeding." Easterday v. South Columbia Basin Irrig. Dist.,49 Wn. App. 746, 749, 745 P.2d 1322 (1987) (emphasis in original). The court's authority in this regard is limited — existing to ensure its ability to perform its necessary work — and therefore would not extend to the unfettered control of the internal operation of the clerk's office. See RCW 7.21.010(1) (defining "contempt of court").
It therefore appears that the court can enforce the rule through an order directing a tardy court clerk to comply. Under appropriate circumstances, a remedy of contempt may be available for failure to comply with such an order, provided that such an order may not exceed the court's contempt power.
It may be helpful as well to note two potential remedies that are not available to the court. First, the court cannot remove or replace the clerk. As noted in response to your first question, the voters, and not the court, select the county clerk. State law also assigns personnel decisions as to subordinate employees to the elected clerk. Osborn, 130 Wn.2d at 621-22. Second, only under extraordinary circumstances could the court order the county commissioners to fund additional positions within the clerk's office on the theory that the clerk needs more staff to fulfill the duties of office. The authority to create and fund positions within the clerk's office rests with the commissioners. Id. Only rarely would the court be in a position to order increased funding. See In Re Juvenile Director, 87 Wn.2d 232, 249-50,552 P.2d 163 (1976).
As a final point, the open-ended nature of this question makes it necessary to state one additional caveat. You have asked what remedies might be available, rather than asking whether a particular remedy is available. It is always possible, given the boundless nature of the human imagination, that additional possibilities might emerge. Our discussion of some possible mechanisms therefore should not be read to exclude the possibility of others.
We trust that this analysis will be of assistance.
Very truly yours,
JEFFREY T. EVEN Assistant Attorney General