[No. 48916–5.   En Banc.   June 30, 1983.]

THE CITY OF SEATTLE, ET AL, *Respondents,* v.
THE STATE OF WASHINGTON, ET AL,
*Appellants.*

*Kenneth O. Eikenberry, Attorney General,* and *Edward B. Mackie, Chief Deputy,* for appellants.

*Douglas N. Jewett, City Attorney,* and *Rod P. Kaseguma, Assistant,* for respondents.

*C. Thomas Moser, Prosecuting Attorney,* and *John R. Moffat, Chief Civil Deputy,* amici curiae.

PEARSON, J.—The State appeals a summary judgment ordering the State to reimburse plaintiffs Cities for the cost of electronic recording equipment installed in municipal courts.

The issue raised by this appeal is whether the State must reimburse cities under Initiative 62 (RCW 43.135) for the costs incurred by the cities in installing courtroom recording equipment. We hold that the State is not liable for the cost of the new equipment, and therefore reverse the summary judgment.

There is no dispute as to the facts on appeal. In 1980 this court adopted the Rules for Appeal of Decisions of Courts of Limited Jurisdiction. RALJ 5.1(a) requires that proceedings in courts of limited jurisdiction be recorded by electronic means unless the parties agree otherwise. The rules were published on December 12, 1980, and took effect on January 1, 1981.

Plaintiffs are 14 cities which have established municipal courts pursuant to RCW 3.46 and RCW 3.50. To comply with RALJ 5.1, plaintiffs purchased between November 1, 1980, and October 31, 1981, electronic recording equipment for use in their courts. On April 24, 1981, 16 cities filed the present action against the State, claiming reimbursement of the cost of this equipment. The cities' claim was based upon Initiative 62 (codified as RCW 43.135) which limits state tax revenues according to the growth rate of state personal incomes. Initiative 62 provides that the Legislature shall not impose upon cities "responsibility for new

programs or increased levels of service under existing programs" unless the cost of such programs or services is reimbursed by the State. Laws of 1980, ch. 1, § 6(1), RCW 43.135.060(1).

The trial court agreed with the Cities' argument. On July 13, 1982, the court granted summary judgment against the State for the cost of equipment purchased by 14 of the original plaintiffs, a sum of approximately $68,000. (Judgment was not entered in favor of two original plaintiffs, the Cities of Carnation and Anacortes. The City of Carnation was dismissed by stipulation on January 13, 1982. The City of Anacortes apparently chose not to submit affidavits regarding costs incurred in the purchase of the equipment.)

The State appealed and this court accepted direct review. Twenty–six counties, plaintiffs in an identical reimbursement action currently pending in Skagit County Superior Court, have filed an amicus curiae brief in support of the Cities' position.

The issue in this case arises out of the confluence of two legislative schemes: the elimination of trial de novo review of decisions of courts of limited jurisdiction (RCW 3.02.020 and RALJ); and the limitation of state tax revenues (Initiative 62, RCW 43.135). Some background to each of these schemes is helpful to a consideration of their interaction.

## I
### COURTS OF LIMITED JURISDICTION

In the 1980 legislative session, the 46th Legislature enacted Substitute House Bill 1422, which provides in relevant part:

> Review of the proceedings in a court of limited jurisdiction shall be by the superior court, the procedure for which may be established by supreme court rule.
>
> The supreme court may, by court rule, establish a method of making a record of the proceedings of a court of limited jurisdiction for purposes of review.
>
> The administrator for the courts shall supervise the selection, installation, and operation of any electronic recording equipment in courts of limited jurisdiction.

Codified as RCW 3.02.020–.040. These statutes apply to civil and criminal proceedings commenced on or after January 1, 1981. Laws of 1980, ch. 162, § 13.

This court subsequently adopted court rules which provided for electronic recording of proceedings in courts of limited jurisdiction. RALJ 5.1(a).

> The proceedings in a court of limited jurisdiction shall be recorded by electronic means, unless the parties agree that some other form of record shall be prepared at the parties' own expense or that no record of the proceedings is necessary.

The statutes and court rules had been proposed by the State of Washington Judicial Council. In September 1978, the Judicial Council formed a district court task force to study the district courts and propose amendments to statutes and court rules. At its first meeting in November 1978, the task force determined that trial de novo review of decisions of such courts should be eliminated. The task force recognized that the elimination of trials de novo would require proceedings to be recorded to facilitate appellate review, and proceeded to consider the feasibility of electronic recording.

After several meetings, the task force adopted in August 1979 proposed rules providing for correction of error appeals rather than trials de novo, and for electronic recording of proceedings. On September 7, 1979, the full Judicial Council voted to accept in principle the task force's proposed rules. The members of the Council disagreed, however, on the appropriate means of implementing the proposed rules. Some members believed that the proposed rules were procedural and therefore appropriate for establishment by court rule. Other members were of the opinion that the rules were jurisdictional in nature and therefore should be established by statute.

In October 1979, the Judicial Council's staff presented a proposal for enabling legislation for the new rules governing review of courts of limited jurisdiction. At its final meeting in December 1979, the Judicial Council approved an

amended version of the enabling legislation for introduction in the 1980 legislative session. The Judicial Council also adopted the proposed rules.

After consideration by the House Judiciary Committee, which heard testimony from members of the Judicial Council, the proposed legislation was enacted and was signed by the Governor in April 1980. It was codified as RCW 3.02. Subsequently, this court adopted the Rules for Appeal of Decisions of Courts of Limited Jurisdiction as proposed by the Judicial Council. Both the legislation and the court rules took effect on January 1, 1981.

## II
### TAX REVENUE LIMITATIONS

At the general election in November 1979, the voters of this state approved Initiative 62, a measure which limits state tax revenues so that increases may not exceed the growth rate of state personal incomes. This limitation does not apply to local governments. The initiative includes provisions apparently intended to prevent the state from evading the fiscal restraints of Initiative 62 by transferring to local governments the obligations of state government.

Section 1(3) of the initiative provides:

It is . . . the intent of this chapter to:

. . .

(c) Assure that the state does not impose, on any taxing district, responsibility for new programs or increased levels of service under existing programs unless the costs thereof are paid by the state . . .

Codified as RCW 43.135.010(3)(c).

Section 6(1) of the initiative provides:

The legislature shall not impose responsibility for new programs or increased levels of service under existing programs on any taxing district unless the districts are reimbursed for the costs thereof by the state.

Codified as RCW 43.135.060(1).

It is these provisions which give rise to the issue in the present case. They have not previously been considered by this court.

■ The issue raised on this appeal is whether the cost of electronic recording equipment must be reimbursed by the State under RCW 43.135.060(1). The parties are generally in agreement that the State's obligation to reimburse the Cities under RCW 43.135.060(1) arises if two conditions are satisfied: First, if the purchase of electronic recording equipment for municipal courts is a responsibility imposed by the Legislature; and second, if those purchases are part of a new program or an increased level of services under an existing program. Their arguments, therefore, focus on these two conditions. We conclude that neither of these conditions is satisfied in this case: first, the requirement for purchasing the new equipment is a responsibility imposed, not by the Legislature, but by this court; second, those purchases are neither part of a new program nor an increased level of services under an existing program.

The State's argument on the first condition is simply that since it was this court, and not the Legislature, which promulgated RALJ 5.1, it was this court, and not the Legislature, which required the cities to purchase electronic recording equipment. RCW 43.135.060(1) applies only when the Legislature imposes new responsibilities on local taxing districts. The State argues that RCW 3.02.020–.040 did no more than authorize this court to establish a method of making a record of proceedings in courts of limited jurisdiction. Accordingly, the State argues, the responsibility for purchasing the new equipment was imposed by this court and not the Legislature, and the reimbursement provisions do not apply.

The Cities, on the other hand, argue that the word "legislature" in RCW 43.135.060(1) must be interpreted in the light of the purpose of the initiative, as announced in RCW 43.135.010(3)(c). The latter provision is almost identical to the former, except that it uses the word "state" instead of "legislature". The Cities argue that therefore "legislature" should be given a liberal construction, so as to apply the reimbursement provisions to any costs incurred by local taxing districts as a result of state action originating from

legislative enactment. Under the Cities' interpretation, the reimbursement provisions will apply where the responsibility on the taxing districts results from the exercise of authority delegated by the Legislature to a state agency or officer. The Cities argue that the Legislature in RCW 3.02 delegated to this court the authority to make rules requiring the cities to purchase recording equipment. Therefore, the Cities argue, the exercise by this court of that authority should be imputed to the Legislature, and the reimbursement provisions applied accordingly.

We find the State's argument on this issue the more convincing. It is clear to us that the responsibility for purchasing electronic recording equipment was imposed upon the cities and counties by RALJ 5.1. That rule was promulgated by this court. The promulgation of such rules of procedure is an inherent attribute of this court. The inherent power to promulgate rules of procedure does not depend on statutory authorization and may not be abridged or modified by the Legislature. *State v. Smith,* 84 Wn.2d 498, 502, 527 P.2d 674 (1974). The responsibility for purchasing the new equipment was therefore imposed by this court in the exercise of its inherent power. RCW 43.135.060(1) requires reimbursement only for responsibilities imposed by the Legislature. It therefore does not require reimbursement in this case.

RCW 3.02.020–.040 does not alter this analysis. These statutes do not require the purchase of electronic recording equipment. They merely recognize that this court may, in the exercise of its inherent power, promulgate rules imposing such an obligation.

The State's argument also prevails in respect of the second condition. The question to be resolved here is whether the new appeal procedures in courts of limited jurisdiction constitute "new programs or increased levels of service under existing programs". Little guidance is to be found in the statutes or elsewhere for construing the elusive terms "programs" and "services".

The State argues that the requirement of electronic

recording equipment is not a new program or an increased level of service under an existing program. The State argues that the reimbursement provisions in Initiative 62 were intended to prevent the State's transferring its traditional financial obligations to local governments. The municipal courts have traditionally been funded by the cities. Therefore, changes in the operation of those courts should not, according to the State, fall within the ambit of the reimbursement provisions. Furthermore, the State argues that the terms "programs" and "services" are essentially synonymous, and both refer to measures designed to accomplish specific public goals and result in specific public benefits. The elimination of trial de novo in superior court and the requirement of recording equipment in municipal court do not represent any specific public benefit, nor new or increased services. Rather, it is a change in the internal operation of the courts.

The Cities respond that the State's reading of "new programs or increased levels of service under existing programs" is too narrow. The Cities argue that the reimbursement provisions should apply whenever the Legislature passes a statute that (1) causes services under an existing plan or system (program) to increase; (2) establishes a new mandatory plan or system (program), whether or not services are delivered or increased; or (3) transfers functions or responsibilities to the city that were previously funded by the State.

The Cities assert that the first two of these criteria are satisfied in this case. The first criterion is satisfied, the Cities contend, because the elimination of trial de novo appeal in superior court was intended by the Legislature to substantially increase the superior court time available for other cases. Consequently, the State, which pays for half the salaries of superior court judges (Const. art. 4, § 13), increases superior court services to the general public without paying for more judges. The Cities argue that the second criterion is also satisfied because the elimination of de novo appeal, the establishment of correction of error

review, and the requirement of electronic recording together constitute a new plan or system. Accordingly, the cost of the recording equipment is part of a new program, and reimbursable under RCW 43.135.060(1).

The crux of the disagreement between the State and the Cities is the meaning of the terms "programs" and "services". The State uses "programs" and "services" synonymously to denote measures designed to accomplish specific public goals and result in specific public benefits. This is the construction applied in three opinions of the Attorney General construing RCW 43.135. In the Attorney General's opinion, increased contributions by local taxing districts to the public employee retirement system would not be reimbursable (AGO 24 (1980)); and increased costs to school districts resulting from the sick leave cash–out provisions of RCW 28A.58.097 were not reimbursable. AGO 5 (1981). The Attorney General determined that in both cases the increased costs represented only increased remuneration of existing employees and not any new or increased service to the general public. On the other hand, the Attorney General concluded that reimbursement was required for the cost of new superior court judgeships added by the Legislature in its 1980 session. AGO 3 (1980). The additional judges represented an additional service to the public.

The Cities appear to agree with the State's conclusion that a service is a public benefit. They disagree, however, that program has the same meaning. A program, according to the Cities, is a plan or system by which a service may be provided. A service is a benefit which results from a program, but a program does not necessarily result in a service.

The Cities argue therefore that substitution of error correcting appeal for trial de novo constitutes a new plan or system and therefore a new program. Because it is a new program, it is reimbursable even though the level of services provided by municipal courts is not thereby increased.

■ We disagree, however, with the Cities' conclusion that the new system of appeals is a new program. The Cities propose a definition of "program" from *Webster's Third*

*New International Dictionary* (1961):

> a plan of procedure: a schedule or system under which action may be taken toward a desired goal: a proposed project or scheme . . .

Substitution of one method of appeal for another does not fit comfortably this definition of program. The plan or system involved in this case appears to be the operation of the municipal and district courts. The desired goal of that plan or system is the fair, orderly, and efficient administration of justice. The method of appeal is but one facet of the plan, system, or project designed to achieve that goal.

Generally, therefore, the State's approach is more reasonable. The purpose of the new appeals procedure, it appears from the legislative history, is to streamline and render more efficient appeals from courts of limited jurisdiction. It is a modification of the internal procedures of the courts. It appears more appropriate, therefore, to characterize it as a modification of an existing program, rather than as implementation of a new program. And rather than providing an increased level of service to the public, it renders more efficient the provision of the same level of services.

The Cities argue in the alternative that the operation of the superior courts is a program, that the new appeals procedure is designed in part to increase the superior court resources available for other cases, and that therefore the new procedures increase the superior court services to the general public. From this, the Cities conclude that the new appeal procedure increases the level of services provided by an existing program and the costs are therefore reimbursable. The argument is fallacious. The new procedures, while they might arguably modify the type of services provided to the public, do not increase those services overall. The staffing and other resources of the superior courts remain unchanged.

We conclude, therefore, that the requirement that the Cities purchase electronic recording equipment is neither part of a new program nor an increased level of services

under an existing program. This constitutes a second reason for holding that the reimbursement provisions of RCW 43.135 do not apply in this case.

For these reasons, therefore, we hold that the State is not required to reimburse the Cities for the cost of new electronic recording equipment purchased in order to comply with RALJ 5.1. We reverse the trial court.

WILLIAMS, C.J., and ROSELLINI, STAFFORD, UTTER, BRACHTENBACH, DOLLIVER, DORE, and DIMMICK, JJ., concur.