5 P.3d 11 (2000)
101 Wash.App. 128
Russell and Carolyn SACKETT, husband and wife, Respondent,
v.
Thomas A. SANTILLI, Appellant.
No. 44892-7-I.
Court of Appeals of Washington, Division 1.
June 12, 2000.
*12 Shellie McGaughey, Bellevue, for Appellant.
Charles E. Peery, Peery, Hiscock, Pierson & Ryder, Seattle, for Respondent,
WEBSTER, J.
Russell and Carolyn Sackett sued Thomas Santilli for negligence in a motor vehicle accident. Santilli's attorney failed to timely file a jury demand. Construing CR 38, the trial court found that Santilli waived trial by jury and, in its discretion, denied his later motions for jury trial and a new trial. Santilli appeals arguing that: 1) CR 38 is unconstitutional because the Washington Constitution allows only the Legislature to prescribe waiver provisions; 2) a CR 38 waiver does not constitute consent to waiver as required by the Washington Constitution; and 3) the trial court abused its discretion by denying the motion for jury trial and the motion for a new trial. We affirm because an implied waiver, as defined in CR 38, constitutes a valid consent to waiver. The trial court did not abuse its discretion in denying the motion for jury trial and the motion for a new trial.

FACTS
On February 6, 1998, Russell and Carolyn Sackett sued Thomas Santilli for negligence in a motor vehicle accident that occurred three years earlier. The Sacketts received the Case Schedule from the King County Superior Court the same day. The Case Schedule ordered the parties to file a jury demand with the Superior Court Clerk's Office by March 22, 1999, (the deadline for change in trial date), and specifically referred to LR 38(b)(2).[1] It also ordered the parties to file a joint status report 120 days before the trial date that, among other things, states whether either party filed a jury demand. This joint status report, however, is not part of the record.
A year after filing suit, Santilli obtained a stipulated order from the trial court on February *13 5, 1999, to accelerate the trial date from June 28 to June 1, 1999. In the motion to change the trial date, Santilli's counsel stated that the parties were in compliance with the Case Schedule and asked the court specifically not to modify any part other than the trial date. The trial court changed only the trial date.
On March 22, 1999, the deadline for jury demand passed without either party making the jury demand. Apparently, Santilli's counsel prepared pleadings for a jury demand on January 15, 1999 with a check for the jury fee. Her assistant placed the jury demand with the check at the front desk for filing and service by the afternoon messenger service. She even filled out a computer-generated messenger slip addressed to both King County Superior Court for filing and to opposing counsel for service. But, the jury demand did not reach the court clerk for filing and did not reach opposing counsel for service. And, counsel did not confirm proof of service by the messenger.
Believing that she had procured proper filing and service of the jury demand, Santilli's counsel made a reference to the jury in deposition questioning: `This is the million-dollar question, and I know what the jury is going to hear ... what part [of the injury] is related to the motor vehicle accident, or the exacerbation, and what is part of either the aging process or his arthritis?' Clerk's Papers (CP) at 188 (emphasis added). Opposing counsel made no attempt to inquire into the missing jury demand during this deposition on April 1, 1999, (assuming he had knowledge of the omission).
Following a private mediation on April 30, 1999, Santilli's counsel finally learned that opposing counsel never received the jury demand. Her assistant immediately contacted the court, the bank, and the messenger service. She learned that the court had no record of the jury demand, the bank did not clear the check, and the messenger service did not keep a record of the delivery. The next business day, Santilli's counsel diligently filed a motion for jury trial, or in the alternative, to enlarge the time to file a jury demand. After receiving the Sackett's memorandum in opposition and Santilli's reply, the trial court denied the motion.
In a stipulated order, the parties agreed to proceed to trial only on the issues of causation, injuries and damages. Santilli did not dispute liability for the motor vehicle accident. On June 8, 1999, the trial court made oral findings on damages. Afterwards, Santilli filed a motion for a new trial arguing that the trial court erred in denying a jury trial and awarding excessive damages. The trial court entered its findings and conclusions and later denied the motion for a new trial. Santilli timely filed a notice of appeal.[2]

DISCUSSION

I.

Waiver of Jury Trial
Santilli assigns error to the denial of trial by jury. But, because he does not assign error to the trial court's findings of fact, they become verities on appeal. RAP 10.3(g); Moreman v. Butcher, 126 Wash.2d 36, 39, 891 P.2d 725 (1995). Although the Washington Constitution declares that the right to a jury trial remains inviolate, it also says that the Legislature may provide for waiver of such right in civil cases. Const. art. I, sec. 21. In 1984, the Legislature repealed former RCW 4.44.100 that had defined waiver of jury trial because a court rule superceded it. Laws of 1984, ch. 76, sec. 15 (repealed former RCW 4.44.100). Santilli argues that the Constitution vested the power to define implied waiver solely in the Legislature and, because the Legislature repealed the statute, there is now no valid law defining implied waiver, including the superceding court rule. The Sacketts contend that CR *14 38, the superceding court rule, continues the definition provided in former RCW 4.44.100 and does not violate any legislative authority. Santilli responds that a court rule that substitutes for constitutionally required legislation violates the separation of powers doctrine.
An appellate court should decline to reach constitutional issues when they are not necessary to resolve the case. City of Seattle v. Williams, 128 Wash.2d 341, 347, 908 P.2d 359 (1995). Under RCW 2.04.190.210, the judiciary's authority to prescribe court rules overrides the Legislature's power to do so. See also Marine Power & Equip. Co. v. Department of Transp., 102 Wash.2d 457, 461, 687 P.2d 202 (1984). The Supreme Court promulgated CR 38 in 1967. Order Adopting Civil Rules for Superior Court, 71 Wash.2d xvii, lxxxv-vi (1967). Recognizing that CR 38 superceded RCW 4.44.100, the Legislature repealed that statute with the intent to eliminate conflicting language. Laws of 1984, ch. 76, sec. 15. The title of Laws of 1984, ch. 76, reads: `An Act Relating to the amendment or repeal of statutes superseded by court rule....' Laws of 1984, ch. 76, quoted in State v. Howard, 106 Wash.2d 39, 45, 722 P.2d 783 (1985). This is sufficient notice to direct interested parties to court rules for waiver provisions. Howard, 106 Wash.2d at 45, 722 P.2d 783. Therefore, we hold that CR 38 provides valid means for waiving trial by jury.
Santilli argues that he did not give his consent to a waiver as required under the Washington Constitution. Const. art. I, sec. 21. Not long after the framing of the Constitution, the Washington Supreme Court held that the Legislature defines the specific acts that constitute consent to waiverexpress or implied. State ex rel. Clark v. Neterer, 33 Wash. 535, 541, 74 P. 668 (1903); see also State v. Kratzer, 70 Wash.2d 566, 570, 424 P.2d 316 (1967) (`This right... may even be waived by inaction where the law calls for specific acts by which the right is asserted. RCW 4.44.100.'). Since the Legislature repealed legislation in favor of superceding court rules, CR 38 validly defines an implied consent to waiver.
CR 38 preserves the right of trial by jury in civil cases, but requires a party to exercise this right through specific acts. At the time or before the trial court sets the trial date, a party must demand a jury trial by doing the following: 1) Serving a written jury demand upon the other parties; 2) filing the demand with the court clerk; and 3) paying the jury fee. CR 38(b); Ford Motor Co. v. Barrett, 115 Wash.2d 556, 563, 800 P.2d 367 (1990). A party's failure to perform these specific acts constitutes a waiver of jury trial. CR 38(d); Ford, 115 Wash.2d at 563, 800 P.2d 367. In Ford, the Washington Supreme Court held that Ford waived its right to jury trial because Ford failed to file a jury demand or pay the jury fee in a timely manner. Ford, 115 Wash.2d at 563, 800 P.2d 367. Santilli also failed to file a jury demand or pay the jury fee in a timely manner. In addition, Santilli admits that he failed to timely serve the Sacketts with the jury demand. Under CR 38(d), he waived his right to jury trial by implied consent.
Despite the waiver, Santilli argues that the trial court abused its discretion by denying his late motion for jury trial. Even if a party fails to demand a jury trial according to court rules, the trial court may use its discretion to order a jury trial. Wilson v. Olivetti N. Am., Inc., 85 Wash.App. 804, 808, 934 P.2d 1231 (1997). Absent an abuse of discretion, the Court of Appeals will not overturn the trial court's decision to deny a jury demand after a previous waiver. Mt. Vernon Dodge, Inc. v. Seattle First Nat'l Bank, 18 Wash.App. 569, 581, 570 P.2d 702 (1977). Upon examining analogous federal cases, the Court of Appeals established the rule that substantial compliance with procedural requirements warrants a jury trial. Wilson, 85 Wash.App. at 810, 934 P.2d 1231. A party is in substantial compliance if the other party and the court have actual notice of the jury demand or if the service was reasonably calculated to give notice of the jury demand. Wilson, 85 Wash.App. at 810, 934 P.2d 1231 (citing Kahn v. Head, 114 F.R.D. 20, 21 (D.Md.1987)). In Wilson, Olivetti had actual notice of the jury demand despite waiver because the captions of Wilson's two complaints as well as the joint status report indicated a jury demand more *15 than a year before trial. Wilson, 85 Wash. App. at 810, 934 P.2d 1231. Also, Wilson had filed a jury demand with the trial court. Wilson, 85 Wash.App. at 808, 934 P.2d 1231. Apparently, Wilson complied with CR 38(b) but not a local rule requiring service of a separate demand on the other party. Wilson, 85 Wash.App. at 808, 934 P.2d 1231. The Court of Appeals held that Wilson substantially complied with the procedural requirements and that Olivetti did not suffer substantial prejudice because it had actual knowledge of the jury demand. Wilson, 85 Wash.App. at 810, 934 P.2d 1231. It was an abuse of discretion to refuse a jury trial. Wilson, 85 Wash.App. at 810, 934 P.2d 1231.
Wilson is distinguishable because Wilson complied with CR 38(b) and filed a separate jury demand to the court as required by local rule. Wilson, 85 Wash.App. at 808, 934 P.2d 1231. Wilson's only failure was not serving a separate demand upon the opposing party. Wilson, 85 Wash.App. at 808, 934 P.2d 1231. Here, Santilli met none of the procedural requirements. He did not file a jury demand with the court clerk, he did not serve the jury demand upon the Sacketts, and he did not pay the jury fee. CR 38(b). And, of course, he did not file and serve a separate document demanding a jury. LR 38(b). Consequently, neither the court nor opposing counsel had actual notice of the jury demand. Although the staff of Santilli's attorney placed the required items in the firm's messenger outbox, the attorney failed to confirm proof of service. As a result, this omission prevented the service from being reasonably calculated to give notice to the court and to the other party. Counsel's single reference to the jury in a deposition question also fails to provide a reasonable calculation of notice to the opposing party, and especially to the court. In short, Santilli did not substantially comply with the procedural requirements. In addition, the trial court found that allowing a jury trial `would require a significant and additional expenditure of resources by plaintiffs,' resulting in prejudice. CP 245. Therefore, we conclude that the trial court did not abuse its discretion in denying Santilli's late motion for a jury trial. To hold otherwise would be tantamount to saying that the trial court had no discretion to exercise. Balise v. Underwood, 71 Wash.2d 331, 340, 428 P.2d 573 (1967).
Santilli requests this Court to take additional evidence regarding the trial court's conclusion of prejudice. Namely, Santilli would like to reveal a confidential letter submitted by the Sacketts during mediation that is not part of the record. RAP 9.11 allows an appellate court to take additional evidence if, among other requisite factors, additional proof of facts would fairly resolve the issues on review and if additional evidence would probably change the decision. Santilli argues that the confidential letter will show that the mediation created no prejudice against the Sacketts by revealing information that they otherwise would not have disclosed if there was a jury trial. He admits, however, that the trial court never considered the disclosures in the Sackett's letter. And, he admits that the trial court independently found that a jury trial `would require a significant and additional expenditure of resources by plaintiffs.' CP 245. We conclude that taking on additional evidence would not fairly resolve the issues and would not change the decision. The letter cannot change the conclusion that Santilli's counsel failed to substantially comply with procedural requirements. Neither the court nor opposing counsel had actual notice, nor were her actions reasonably calculated to give notice because she failed to confirm proof of service.

II.

Motion for a New Trial
Santilli offers all the same arguments above in arguing that the trial court erred in denying his motion for a new trial (by jury). The Sacketts contend that Santilli failed to object to trial without jury at the bench trial and therefore did not preserve the issue for review. Since Santilli made a pre-trial motion for jury trial and obtained a ruling, he sufficiently preserved the issue for review. Bennett v. Hardy, 113 Wash.2d 912, 917, 784 P.2d 1258 (1990). In any case, RAP 2.5(a) allows a party to raise, for the first time on appeal, a manifest error affecting a constitutional right. For reasons already *16 given above, however, his arguments for a new trial must fail. CR 38 constitutes a valid waiver of trial by jury and the trial court did not error in refusing a jury trial. Therefore, we find that the trial court did not abuse its discretion in denying a new trial.
We affirm.
GROSSE, J., and AGID, J., concur.
NOTES
[1] LR 38(b)(2) states:

Deadline for Filing Demand. In cases governed by a Case Schedule pursuant to LR 4 (excluding domestic and paternity cases), a jury demand shall be filed and served no later than the final date to change trial designated in the Case Schedule, which shall be deemed the date on which the case is called to be set for trial within the meaning of CR 38(b).
[2] The Sackett's Motion on the Merits (to affirm) was denied on October 19, 1999. We also deny Santilli's Motion to Strike the Sackett's statement of additional authorities. Although we do not approve the Sacketts' violation of RAP 10.8 by improperly arguing from the statement of additional authorities, we do not strike the statement of additional authorities because Santilli responded substantively in his motion to strike, thereby mitigating any advantage gained. Plum Creek Timber Co. v. Washington State Forest Practices Appeals Bd., 99 Wash.App. 579, 587 n. 2, 993 P.2d 287 (2000).