47 P.3d 948 (2002)
146 Wash.2d 498
Russell and Carolyn SACKETT, Respondents,
v.
Thomas A. SANTILLI, Petitioner.
No. 70163-6.
Supreme Court of Washington, En Banc.
Argued May 15, 2001.
Decided June 13, 2002.
*949 Leonard Flanagan, Sheila McGaughey, Bellevue, Wiggins Law Offices, Charles Wiggins, Kenneth Masters, Bainbridge, for Petitioner.
Peery, Hiscock, Pierson & Ryder, Charles Peery, David Corey, Seattle, for Respondents.
Bryan Harnetiaux, Debra Stephens, Spokane, amicus curiae on behalf of Wash. State Trial Lawyers Assoc.
IRELAND, J.
Defendant driver Thomas A. Santilli contends that CR 38(d), which provides that a party's failure to perfect demand for a jury trial in accord with CR 38(b) implies that party's consent to the waiver of the right to a jury, is unconstitutional under article I, section 21 of our state constitution. Santilli claims the constitution vests the legislature with the exclusive power to "provide for ... waiving of the jury in civil cases." Const. art. 1, § 21. Holding that section 21 should be read as a limitation on the power of the legislature, not a grant of exclusive authority, we affirm the Court of Appeals.

PROCEDURAL HISTORY
In February 1998, Russell and Carolyn Sackett commenced a lawsuit in King County Superior Court against Thomas Santilli. They sought to recover damages from Santilli for injuries they sustained in an automobile accident allegedly caused by Santilli's negligence. Pursuant to a case schedule order, the trial court set the case for trial on June 28, 1999 and established the "Change in Trial Date" as March 22, 1999. Because King County Superior Court Local Rule 38(b)(2) provides that "a jury demand shall be filed and served no later than the final date to change trial designated in the Case Schedule," the effect of the order was to establish March 22, 1999, as the last day for either party to the case to demand a jury trial.
Santilli's counsel, Shellie McGaughey, claims that she prepared a jury demand on January 14, 1999, well in advance of the deadline for filing such a demand. According to McGaughey, she signed both the jury demand and a check for the jury fee on the following day. McGaughey's assistant, Heidi Powell, indicated that she then prepared a computer generated message to a legal messenger service directing it to serve a copy of the jury demand on opposing counsel and to deliver the original jury demand and a check for the requisite jury fee to the King County Superior Court by January 19, 1999. Powell said that she recalled "placing the Demand and check at the [law firm's] front desk so that it [sic] would be picked up by the afternoon messenger service and served and filed as required." Clerk's Papers (CP) at 39.
The March 22, 1999 deadline for making a demand for jury passed without the jury demand being served on the Sacketts' counsel or filed with the King County Superior Court. McGaughey, who claims that she believed the jury demand had been properly served and filed, was advised on April 30, 1999, that opposing counsel had not received the jury demand. She claims that she then checked with the superior court, her bank, and the messenger service, and discovered that the demand for a jury had not been perfected. McGaughey then filed and served a motion to require a jury trial or enlarge the time, together with her affidavit and an affidavit from Powell outlining the facts as set forth above. CP at 27-47. A superior court judge denied the motion on the basis that Santilli's jury demand was not filed or served by March 22, 1999, as required by CR 38(b).
Because Santilli conceded negligence, the case proceeded to trial before the court on the issues of causation, injuries, and damages only. The trial court concluded that Santilli's negligence had caused the Sacketts' injuries and indicated that it would grant judgment *950 against Santilli in the amount of $111,469.23. Santilli then moved for a new trial, arguing, in part, that the trial court erred in denying him a jury trial. The trial court denied the motion and entered findings of fact, conclusions of law, and a judgment for $111,469.23, together with postjudgment interest. The Court of Appeals affirmed the trial court, concluding that Santilli's failure to timely serve and file his demand for a jury trial constituted his consent to waive his right to a jury trial pursuant to CR 38(d). We granted Santilli's petition for review and also granted amicus curiae status to the Washington State Trial Lawyers Association Foundation.

ISSUE
Does article I, section 21 of the Washington State Constitution prohibit this Court from adopting a rule providing for implied waiver of jury for failure to comply with its terms?

ANALYSIS
Santilli's primary contention is that his failure to perfect his demand for a jury trial in accordance with the provisions of CR 38(b) did not constitute his consent to waive his right to a jury trial. He bases this contention on his assertion that CR 38(d), the court rule providing for implied consent to the waiver of the right to a jury trial, contravenes the state constitution. More specifically, he contends that CR 38(d) is unconstitutional because it amounts to an assumption by the judiciary of the legislature's exclusive power to provide for the waiver of the right to trial by jury in civil cases. He bases his argument on article I, section 21 of the constitution, which provides that the right to a jury trial "shall remain inviolate, but the legislature may provide ... for waiving of the jury in civil cases where the consent of the parties interested is given thereto." (Emphasis added.)
The Sacketts dispute Santilli's assertion that the sole authority to provide for the waiving of the right to jury trial resides with the legislature. They argue that it is well within the province of this Court to provide by rule for the implied waiver of the right to a jury trial and to define instances where a party will be deemed by his or her acts to have consented to waiver.
The legislature formerly set forth in statute the circumstances under which a party would be deemed to have consented to the waiver of its right to a jury trial in civil litigation. According to former RCW 4.44.100, which was enacted in 1903, a party seeking to invoke the right to trial by jury was required to "serve upon the opposite party ... and file with the clerk of the court a statement ... that he elects to have such case tried by jury." The statute went on to say that "[u]nless such statement is filed and such deposit made, the parties will be deemed to have waived trial by jury." In 1967, upon the recommendation of the Judicial Council, this court adopted CR 38.[1] In 1984, the legislature repealed several statutes, including RCW 4.44.100. Laws of 1984, ch. 76, § 15(2). This had the effect of leaving CR 38 as the only provision in statute or rule governing the waiver of the right to a jury trial in civil cases. Thus, the issue of whether CR 38(d) violates article I, section 21 of the state constitution is before this Court.
In its ruling in favor of the Sacketts, the Court of Appeals did not reach the issue of whether CR 38(d) violates article I, section 21 of our state constitution. Rather, it noted that the "judiciary's authority to prescribe court rules overrides the Legislature's power to do so" and held that because the legislature recognized that CR 38 superceded RCW 4.44.100, there is "sufficient notice to direct interested parties to court rules for waiver provisions," and "[t]herefore, ... CR 38 provides valid means for waiving trial by jury." Sackett v. Santilli, 101 Wash.App. 128, 133, 5 P.3d 11 (2000), review granted, 142 Wash.2d 1016, 16 P.3d 1264 (2001).
However, the Court of Appeals misses Santilli's point. He does not complain that a jury trial waiver could not be implied without his permission. Although article I, section *951 21 refers to the legislature's power to provide for waiver of the right to jury trial in civil cases "where the consent of the parties interested is given," we have previously determined that this provision speaks to the legislature's power to provide for express and implied consent to waiver. In Neterer, we concluded that the "laws in force at the time of the adoption of the constitution recognized two kinds of consent to the waiver of jury trials in civil actions, viz., express consent and implied consent," and held that "[t]he Legislature ... may define what act shall constitute consent given." State ex rel. Clark v. Neterer, 33 Wash. 535, 540, 541, 74 P. 668 (1903). Santilli is apparently well aware of this holding.
Nor does Santilli focus on "notice" of the court rule, as does the Court of Appeals. See Sackett v. Santilli, 101 Wash.App. 128, 134-36, 5 P.3d 11 (2000). Rather, Santilli's complaint is that the Supreme Court has no power to make a rule concerning waiver of jury trial. Only the legislature, according to Santilli, could make such a rule.
Arguing to the contrary, the Sacketts point out that article I, section 21 provides only that the legislature "may" provide for waiver of a jury trial. They emphasize that it does not say that the legislature "shall" provide for waiver. They suggest that because the word "may" is usually considered to be permissive, article I, section 21 is nonexclusive. It is our obligation to squarely address the authority of the Supreme Court in relation to article I, section 21.
It is a well-established principle that the Supreme Court has implied authority to dictate its own rules, "even if they contradict rules established by the Legislature." Marine Power & Equip. Co. v. Dep't of Transp., 102 Wash.2d 457, 461, 687 P.2d 202 (1984); see State v. Fields, 85 Wash.2d 126, 530 P.2d 284 (1975). This Court cannot, however, contradict the state constitution by court rule. Similarly, the legislature may not grant this Court authority to perform a function that is reserved exclusively to the legislature by the constitution. Under principles of separation of powers, "[t]he Legislature is prohibited from delegating its purely legislative functions." Diversified Inv. P'ship v. Dep't of Soc. and Health Servs., 113 Wash.2d 19, 24, 775 P.2d 947 (1989); see also Manus v. Snohomish County Justice Ct. Dist. Comm., 44 Wash.2d 893, 895-96, 271 P.2d 707 (1954) (unconstitutional to delegate power to local justice of the peace committees to determine number of justices of the peace); 16A Am.Jur.2d Constitutional Law § 295 ("[T]he legislature ... cannot delegate functions which the state constitution expressly and unqualifiedly vests in the legislature itself....").
Although the question of the construction of article I, section 21 in the instant case is a matter of first impression, it closely parallels a similar constitutional interpretation question concerning article IV, section 24. That constitutional provision states: "The judges of the superior courts, shall from time to time, establish uniform rules for the government of the superior courts." Const. art. IV, § 24.
In State ex rel. Foster-Wyman Lumber Co. v. Superior Court, it was argued that the legislature could not provide by statute that the Supreme Court could make rules for the superior courts because the constitution confers on the superior courts alone the power to make rules for their government. 148 Wash. 1, 9, 267 P. 770 (1928). The Foster-Wyman Lumber court rejected this constitutional interpretation. "If interpreted ... as a constitutional grant of power to the superior courts, it would effectually prohibit the legislature itself from passing any statutes governing procedure and practice in the superior courts." Foster-Wyman Lumber, 148 Wash. at 10, 267 P. 770. The court ruled that "the purpose of § 24 was to insure uniform rules of minute procedure, not as a grant of power to make broad and general rules, but as a limitation upon the courts" from making rules which vary "according to the views of the particular judge who presided over the tribunal." Id.
Like section 24, section 21 should be read as a limitation on the power of the legislature, not a grant of exclusive authority. When read in the context of the grant of authority expressed in article IV, section 1, it is apparent that article I, section 21 limits *952 the power of the legislature to make provision for waiver only "where the consent of the parties interested is given." Const. art. I, § 21. To the extent that this limitation applies, it applies to the legislature and courts alike. Since the power to provide for waiver is not exclusively vested in the legislature, it should be viewed as coextensive between the legislature and the court.
The coextensive authority vested by the constitution in the legislature and the court to make rules is not uncommon among the states. "[I]n most jurisdictions court rulemaking power has been shared, de jure or de facto, between courts and legislatures." Hugh Spitzer, Court Rulemaking in Washington State, 6 U. Puget Sound L.Rev. 31, 59 (1982) (citation omitted).
The coextensive authority as between the legislature and this Court with respect to civil procedure is recognized in RCW 2.04.190, which states:
The supreme court shall have the power to prescribe, from time to time, the forms of writs and all other process, the mode and manner of framing and filing proceedings and pleadings; of giving notice and serving writs and process of all kinds; of taking and obtaining evidence; of drawing up, entering and enrolling orders and judgments; and generally to regulate and prescribe by rule the forms for and the kind and character of the entire pleading, practice and procedure to be used in all suits, actions, appeals and proceedings of whatever nature by the supreme court, superior courts, and district courts of the state. In prescribing such rules the supreme court shall have regard to the simplification of the system of pleading, practice and procedure in said courts to promote the speedy determination of litigation on the merits.

RCW 2.04.190 (emphasis added).
In addition, RCW 2.04.020 states:
The supreme court shall be ... vested with all power and authority necessary to carry into complete execution all its judgments, decrees and determinations in all matters within its jurisdiction, according to the rules and principles of the common law, and the Constitution and laws of this state.
RCW 2.04.020 (emphasis added). The legislature thus recognizes the role of court rule making and common law in civil procedure.
It is useful to compare former RCW 4.44.100 (1972) with CR 38 to determine whether CR 38 contravenes the constitution. The former statute provided:
In all civil actions triable by a jury in the superior court any party to the action may, at or prior to the time the case is called to be set for trial, serve upon the opposite party or his attorney, and file with the clerk of the court a statement of himself, or attorney, that he elects to have such case tried by jury. If such a statement is served and filed, any party may likewise state that he elects to have a jury of twelve persons. Unless such statement is filed and a jury fee paid as provided by law, the parties shall be deemed to have waived trial by jury, and if such a statement is served and filed, unless a jury of twelve persons is so requested and such additional fee as may be required by law therefor is paid by the party requesting same, the parties shall be deemed to have waived a trial by a jury of twelve persons and the jury shall consist of six persons: PROVIDED, That, in the superior courts of counties of the first class such parties shall serve and file such statement, in manner herein provided, at any time not later than two days before the time the case is called to be set for trial.
Laws of 1972, 1st Ex.Sess., ch. 57, § 2 (emphasis added).
By comparison, CR 38 provides, in pertinent part:
(b) Demand for Jury. At or prior to the time the case is called to be set for trial, any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing, by filing the demand with the clerk, and by paying the jury fee required by law.

....
(d) Waiver of Jury. The failure of a party to serve a demand as required by this rule, to file it as required by this rule, and to pay the jury fee required by law in *953 accordance with this rule, constitutes a waiver by him of trial by jury.
CR 38(b) and (d) (emphasis added).
CR 38 varies from former RCW 4.44.100 in that it requires the payment of a court-assessed fee. Excluding this difference, the two prescribe the same method for securing (or waiving) a civil jury trial.
Further acknowledgment by the legislature of the coextensive authority for control of civil procedure is evidenced by RCW 2.04.200, which provides that "[w]hen and as the rules of courts herein authorized shall be promulgated all laws in conflict therewith shall be and become of no further force or effect." RCW 2.04.200.
The Foster-Wyman Lumber court also noted that a legislative interpretation of the constitution with an acquiescence by the courts "should have great weight with us in determining the proper view of the constitutional provision." Foster-Wyman Lumber, 148 Wash. at 11, 267 P. 770. Such acquiescence is demonstrated by the action of the court in adopting CR 38 and by the legislature's action in repealing the statute in 1984 to reduce "confusion to judges and lawyers" that may result from inconsistencies between court rules and statutes. 1984 Final Legislative Report 48th Wash. Leg., Reg. Sess. at 199. Clearly, both the legislature and the courts believed that the courts had the constitutional power to make rules regarding waiver of jury trial.

CONCLUSION
The Washington Constitution, in article I, section 21, places a limitation on the authority of the legislature, not a grant of exclusive authority, concerning civil jury trial waiver. The authority of the legislature and the court is coextensive with respect to making provision for implied waiver of the right to a jury in civil cases. CR 38(d) is a constitutional exercise of the court's rule making authority.
The Court of Appeals is affirmed.
JOHNSON, MADSEN, BRIDGE, CHAMBERS and OWENS, JJ., concur.
ALEXANDER, C.J. (dissenting).
The majority holds that CR 38(d), a court rule which provides that a party's failure to perfect a demand for a jury trial implies that the party has consented to waive his or her right to a jury trial, survives Thomas Santilli's challenge that the rule violates article I, section 21 of our state constitution. In reaching that conclusion, it holds that the aforementioned constitutional provision, which indicates the right to a jury trial "shall remain inviolate, but the legislature may provide... for waiving of the jury in civil cases where the consent of the parties interested is given thereto," is merely to be read as a limitation on the legislature's power and not a grant of exclusive authority to it. Const. art. I, § 21 (emphasis added); see majority at 949.
I disagree with the majority. In my view, article I, section 21 of the state constitution vests the legislature with the exclusive power to provide for the waiver of a jury trial in civil cases. Consequently, I would hold that CR 38(d), a judicially created provision for the waiving of the right to a jury trial, runs afoul of that constitutional provision. Because the majority opinion flies in the face of the plain language of the state constitution by holding that this court has the coextensive power with the legislature to provide for waiving a jury trial in civil cases, I respectfully dissent.
Citing RCW 2.04.020, .190 and .200, statutes that concern "the role of court rule making and common law in civil procedure," the majority concludes that the legislature and the Supreme Court have "coextensive authority for control of civil procedure." Majority at 952, 953. While I do not disagree with this general statement, we must be mindful of the fact that we cannot contradict the state constitution by a court rule. The majority concedes that point. Majority at 951. It is apparent to me that CR 38(d) collides with article I, section 21 of the state constitution. The fact that the legislature has enacted statutes which indicate that this court enjoys coextensive rule making authority with the legislature in the area of civil procedure is really irrelevant to the issue before us. I say that because, where the *954 constitution vests the legislature with the power to act to the exclusion of the other branches of government, which I submit is the case here, another branch may not infringe upon that power. Indeed, "[t]he Legislature is prohibited from delegating its purely legislative functions." Diversified Inv. P'ship v. Dep't of Soc. & Health Servs., 113 Wash.2d 19, 24, 775 P.2d 947 (1989).
In reaching its decision that this court has the coextensive power with the legislature to provide for the waiving of a jury in civil cases, the majority relies to a large extent on our discussion of another constitutional provision in the case of State ex rel. Foster-Wyman Lumber Co. v. Superior Court, 148 Wash. 1, 267 P. 770 (1928). There, we were asked to decide whether article IV, section 24 of the state constitution, a provision which vests the superior courts with authority to proscribe "uniform rules for the government of the superior courts," constituted an exclusive grant of authority to the superior courts, thus precluding the legislature from granting this court the right to make rules of pleading, practice and procedure. We said that it did not constitute an exclusive grant of authority to the superior courts and that article IV, section 24 should be interpreted merely as "a limitation upon the courts requiring that the customary rules having to do with the minutiae of court government should be uniform in character." Foster-Wyman, 148 Wash. at 10, 267 P. 770. The majority transports our interpretation of article IV, section 24 in Foster-Wyman to its interpretation of article I, section 21 and concludes that "[l]ike section 24, section 21 should be read as a limitation on the power of the legislature, not a grant of exclusive authority." Majority at 952. In my view, the majority's analysis is problematic because it fails to recognize that article I, section 21 concerns the waiver of a constitutionally protected right, whereas article IV, section 24 merely accords the superior courts the right to make uniform rules relating to the government of that court. This distinction is significant because this court's coextensive authority with the superior courts to make rules governing practice and procedure in the superior courts is limited to procedural matters and not matters affecting substantive rights. See State v. Smith, 84 Wash.2d 498, 501, 527 P.2d 674 (1974); see also Philip A. Talmadge, A New Approach to Statutory Interpretation In Washington, 25 SEATTLE U.L.REV. 179, 181 (2001).
Rather than engaging in a comparison of apples with oranges, I submit that the best source for resolving the issue of constitutional interpretation that is before us is the plain language of article I, section 21 which, as noted above, states that "the legislature may provide ... for waiving of the jury in civil cases where the consent of the parties interested is given thereto." (Emphasis added.) While the language of this provision indicates that the legislature can, but need not, provide for the waiver of a jury in civil cases, it does not indicate that the Supreme Court may so provide. In short, I find it significant that article I, section 21 says that the "legislature may provide," but does not say that the Supreme Court may make a provision for waiver of a jury trial in civil cases. The fact that this court is not granted the right to provide for the waiving of the inviolate right to a jury would appear to foreclose our assumption of that right.
Article I, section 21's wording is similar to other provisions of the judicial article of our state constitution that vest the legislature with the power to act to the exclusion of the other bodies of government. For example, Washington Constitution article IV, section 1 provides that the judicial power shall be vested in courts of record and in "such inferior courts as the legislature may provide." (Emphasis added.) Similarly, Washington Constitution article IV, section 2 indicates that the "legislature may increase the number of judges of the supreme court ... and may provide for separate departments of [the] court." (Emphasis added.) With respect to these provisions, no one could seriously argue that this court can create an inferior court by court rule. See In re Habeas Corpus of Cloherty, 2 Wash. 137, 139, 27 P. 1064 (1891) ("[t]he natural conclusion from [Washington Constitution article IV, section 1] would be that [an inferior court] must have been created by an act of the legislature") (emphasis added). Consistent with this view, legislative action was required to *955 enable municipalities to create municipal courts. Laws of 1984, ch. 258, § 72; Laws of 1961, ch. 299, § 35. I would submit also that one would be hard pressed to make the case for this court's right to provide for departments of the court or to increase the number of justices of the Supreme Court, even if the legislature was to delegate those responsibilities to us. In that regard, legislative action was required to increase the size of the Supreme Court from five to seven justices (Laws of 1905, ch. 5, § 1), from seven to nine justices (Laws of 1909, ch. 24, § 1) and to provide for two departments of the court (Laws of 1909, ch. 24, § 3). See also State ex rel. Kurtz v. Pratt, 45 Wash.2d 151, 273 P.2d 516 (1954) in which we held that it was unconstitutional for the legislature to delegate to county commissioners the power to reduce the number of justices of the peace.
My view that article I, section 21 vests the legislature with the exclusive power to provide for the implied waiver of the right to civil trial by jury is buttressed by an early decision of the California Supreme Court. The constitution of that state, like Washington's, makes the right to a jury trial "inviolate," and provides that in civil cases the right "may be waived ... in the manner to be prescribed by law." Former CAL. CONST. art I, § 3 (1849) (emphasis added). In 1855, in the case of Exline v. Smith, 5 Cal. 112, 112 (1855), California's Supreme Court was asked to determine if the courts of that state had the authority to adopt a court rule providing for the waiving of jury trials in civil cases. The court looked at the words "prescribed by law" that are contained in the aforementioned provision of the California constitution, and concluded that those words "look to actual legislation ... and in no just sense can be extended to a permission of the exercise of this power to others." Id. It found, therefore, that a statute that delegated authority to "[t]he Court" to prescribe by rule the means by which one can affect a waiver of their right to a jury was unconstitutional. Id. Significantly, that court reached the same result in two subsequent cases as well. See People v. Metro. Sur. Co., 164 Cal. 174, 128 P. 324 (1912); Biggs v. Lloyd, 70 Cal. 447, 11 P. 831 (1886). Although we obviously are not bound by California case law, I find the California Supreme Court's decision in Exline persuasive. I also believe that it is significant that the California Constitution and the Exline case were available as resources for the drafters of our constitution.[1] Moreover, the California approach to waiver to the right to jury trial in civil cases is consistent with our interpretation of other provisions of our constitution when similar questions of construction have been raised.
Article I, section 21 says that the legislature may provide for the waiver of a jury trial in civil cases. It does not say that this court or any other court may so provide. Under the doctrine of separation of powers, which has served our nation and state so well, each branch of government must be careful to not intrude on prerogatives that have been accorded another branch by the constitution. In my judgment the majority decision does just that. Because it does, I dissent.
SMITH and SANDERS, JJ., concur.
NOTES
[1] The Judicial Council's comment to the rule indicates that CR 38(d) "supercedes ... RCW 4.44.100." 71 Wash.2d lxxxvi. The language of CR 38(d) has not been altered by this Court since 1967.
[1] In addition to the fact that the Exline decision and the California Constitution had been published and predated Washington's Constitutional Convention, the delegates to Washington's Constitutional Convention were provided with a draft constitution prepared by W. Lair Hill. JOURNAL OF THE WASHINGTON STATE CONSTITUTION CONVENTION 1889 v (Beverly Paulik Rosenow ed., 1962). Hill had previously practiced law in California and appeared to be influenced by the provision relating to jury trials, referring to the California Constitution as having "[t]he most advanced constitutional provision upon the subject of trial by jury." W. Lair Hill, A Constitution Adapted to the Coming State, MORNING OREGONIAN, July 4, 1889, at 9.